Wilhelms *vs.* Noble Brothers & Co.

E. WILHELMS, plaintiff in error, *vs.* NOBLE BROTHERS & Co., defendants in error.

1. The County-Court at its monthly sessions, under the act organizing that Court, had jurisdiction in all civil cases in which not more than one hundred dollars was "claimed" as damages or principal due; and where the plaintiff in his declaration in said Court claimed only one hundred dollars to be due him, and the judgment of the Court was for less than that sum; under the peculiar language of the statute, giving the jurisdiction to the Court, the judgment should be sustained, notwithstanding the note, the foundation of the suit, was for a larger amount than one hundred dollars.

2. Where the plaintiff in his declaration claimed only one hundred dollars, the mere fact that the copy note attached to the declaration, and the note itself when introduced in evidence, was for more than one hundred dollars, was no ground for arresting the judgment.

*Certiorari* from County-Court. Decided by Judge MILNER. Floyd Superior Court. July Term, 1867.

Wilhelms prayed process, returnable to a monthly session of the County-Court of said county, against Noble Brothers & Co., to recover one hundred dollars only, claimed by him from them, averring that "this is a suit between master and servant."

The real foundation of the suit was the following paper:

"Due E. Wilhems, one hundred and thirty-five dollars.
NOBLE BROTHERS & CO."

(Endorsed.) "Received, June 4th, 1864, in salt, twenty-two dollars on this note.        E. WILHELMS.

March 18, '66, $14 in United States currency."

At the trial, plaintiff's attorney offered the paper in evidence. It was objected to because it was not dated. The Court overruled the objection ; the paper was read in evidence and plaintiff closed.

Defendants' attorneys moved a non-suit for the cause aforesaid. The motion was overruled.

The defendants' attorneys examined plaintiff, who testified that the note was given in 1864, a short time before the first credit, for his labor as a blacksmith ; that he worked for Confederate money, at $1.75 part of the time, and $2.25 part of the time ; that he was now getting $2 per day for his work.

It was then shown that about 4th June, 1864, Confederate money was fourteen to eighteen for one in gold, and that United States currency was about two for one in gold. And by a blacksmith it was shown that a blacksmith's wages were now from $2 to $2.50 per day.

Upon these facts, the County Judge held that defendants were entitled to no reduction, and that plaintiff could recover on said paper as a promissory note, dated 4th June, 1864.

Defendants' attorneys moved to dismiss the case because, under the ruling of the Court, there was due on said paper, $112.22, besides interest from 18th March, 1866, and the jurisdiction of his Court, at the monthly sessions, was limited to one hundred dollars.

The Judge overruled the motion because there was no plea to his jurisdiction, and allowed plaintiff's attorney to enter up judgment for $98. There was a motion in arrest of judgment on the same grounds, and it was overruled. *Certiorari* was sued out. To the answer of the County Judge, exceptions were filed, and an order *respondeat ouster* was passed at April term, 1867, of the Superior Court. His second answer brought out no fact not stated above.

At July term, 1867, of the said Superior Court, the case came on to be heard. Wilhelm's attorneys again excepted to the answer for not being full, and moved that the County Judge should again be required to answer, the attorney alleging that such full answer would show clearly that the note sued on was subject to reduction under the ordinance of

Wilhelms *vs.* Noble Brothers & Co.

the Convention of 1865 as to Confederate contracts, and that Wilhelms had claimed but one hundred dollars as due him thereon, and that it was for his wages as a day laborer and servant of the defendants, and this was a suit between master and servant.

Judge MILNER held that, because by the face of the note, over one hundred dollars was due thereon, the County-Court, at its monthly session, had not jurisdiction of the case, and that the facts sought by a new answer, could not give the jurisdiction. He therefore sustained the *certiorari.* During the term, Wilhelm's attorneys moved to set aside said judgment, because it was erroneous. In September, 1867, being an adjourned term, this question came before Judge UNDERWOOD. He held that Judge MILNER was right, and refused to set aside his order.

This is brought up for error.

HARVEY & SCOTT, for plaintiff in error.

PRINTUP & FOUCHÉ, for defendants in error.

WALKER, J.

Under the act organizing the County-Court, (acts 1865–6, p. 66,) jurisdiction was given at the monthly sessions, "without limit as to amount, in all cases arising out of the relation of master and servant," "and all other civil cases in which not more than one hundred dollars is claimed as damages, or principal sum due." In this case the plaintiff claimed only one hundred dollars to be due him by his declaration, and therefore, according to the peculiar phraseology of the statute, the Court properly had jurisdiction of the case. The amount "claimed" was within the jurisdiction of the Court, and the copy note attached could not oust the jurisdiction. For myself, I am very clear that this was a suit arising out of the relation of master and servant, and consequently the Court had jurisdiction without limit as to amount. My brethren thought the jurisdiction maintainable under the statute, because the plaintiff only "claimed" one hundred dollars; especially when

39

by the judgment of the Court, it appeared that even less than one hundred dollars was due him, and I concurred with them.

If the County-Court, under the provisions of the statute, had jurisdiction of the cause, the amount "claimed," of course the judgment should not have been arrested, because the copy note was for an amount over the jurisdiction of the monthly sessions of the County-Court. The judgment of the Superior Court, sustaining the *certiorari*, must be reversed, and the *certiorari* dismissed.

Judgment reversed.