## C. C. ALEXANDER ET AL. v. W. W. THOMPSON ET AL.

1. Construction of a clause in a will, see this case.
2. Support and maintenance out of the general estate adjudged, instead of the minor's individual estate, under the following clause : "It is my earnest wish and desire that my executors, hereinafter named, shall take the custody and guardianship of all my minor children, and to them, under God, I commit them, requesting that, if their lives are spared, they shall be well and thoroughly educated and fitted for usefulness and for the active duties of life; and I desire and direct that so much of my estate as shall be deemed requisite shall be reserved from division to defray the expenses necessary to the proper education of all my minor children."
3. The amount of the judgment prayed for is taken as test of jurisdiction in a suit brought in the county court in 1868.

ERROR from Rusk. Tried below before the Hon. J. B. Williamson.

The facts sufficiently appear in the opinion.

*Moore & Shelley*, for plaintiff in error.

*Wm. Steadman,* for defendant in error.

WALKER, J.—There are two questions presented for our consideration by this record.

The first, was the appellant, Cherokee C. Alexander, entitled to her support during her minority out of the general estate of her father, Benjamin F. Thompson? or are the appellees right in charging her support and education against her individual estate? The eleventh clause of her father's will settles this question. It reads as follows:

"It is my earnest wish and desire that my executors, hereinafter named, shall take the custody and guardianship of all my minor children, and to them, under God, I commit them, requesting that, if their lives are spared, they shall be well and thoroughly educated and fitted for usefulness and for the active duties of life; and I desire and direct that so much of my estate as shall be deemed requisite shall be reserved from division to defray the expenses necessary to the proper education of all my minor children."

There might be some plausibility in contending that the expenses of education alone should be defrayed out of the reserved assets, but we think it was the intention of the testator thus to provide for the entire support and education of his minor children. He had sought by advances made to his elder children, and the directions given in the fifth clause of the will, to equalize the shares of his children in his estate. But it is easily gathered from the whole will that he intended to make some exception in favor of his minor children, to provide for their support and education during minority, and perhaps in favor of the daughter, Cherokee Caroline, by giving to her his watch, piano, a favorite slave, etc.

The second question relates to the jurisdiction of the

county court.   We think a safe rule in all such cases would be, that the court should be governed by the amount of the judgment prayed for.   In this case it did not exceed the jurisdiction of the county court, though the items of account would have exceeded, in the aggregate, the jurisdiction of the court, if no mistake had been made by the pleader in setting them out.   The verdict of the jury and the judgment, perhaps, might be regarded as a safe rule in determining this question, and they bring the case within the jurisdiction of the court.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.