Cox, HILL & THOMPSON, plaintiffs in error, *vs.* JAMES N. STANTON, defendant in error.

KAYNE, SPRING, DALE & Co., plaintiffs in error, *vs.* JAMES N. STANTON, defendant in error.

A creditor cannot bring his claim within the jurisdiction of a justice court, by entering a credit thereon without the consent of the debtor.

Courts. Jurisdiction. Debtor and Creditor. Before Judge POTTLE. Warren Superior Court. October Term, 1876.

The following, taken in connection with the decision, sufficiently reports this case:

Cox, Hill & Thompson and Kayne, Spring, Dale & Co. brought actions of debt against Stanton in the justice court of the 425th district, G. M. Judgments were rendered for the plaintiffs in each case, and defendant appealed. In the superior court the cases were consolidated by agreement of counsel.

C. S. DuBose; A. S. MORGAN, for plaintiffs in error.

JAMES WHITEHEAD, by brief, for defendant.

WARNER, Chief Justice.

This case came before the court below on the following agreed statement of facts, to-wit: "that the note sued on was

given by the defendant, Stanton, to the plaintiffs, Cox, Hill & Thompson, for $129.28, January 21st, 1876, and was due thirty days thereafter, on which was this endorsement, 're-ceived on the within note $29.28, and we hereby renounce all our right, claim or interest to any more than one hun-dred dollars for principal on within note. [Signed] Cox, Hill & Thompson, per C. S. DuBose, attorney.' Plaintiffs only claimed and demanded one hundred dollars on said note, and obtained a judgment therefor. The defendant, Stanton, admitted that he gave the note, lived in the dis-trict, but had never agreed to the entry of the credit on the note; had not, and would not, consent to receive it as a gift, and that it was made against his will, and for that reason the justice court had no jurisdiction of the case." After argument, the court decided that the plaintiffs had no legal right to reduce the amount of the note by entering the credit thereon without the consent of the defendant, so as to give the justice court jurisdiction, and granted an order setting aside the judgment. Whereupon the plaintiffs ex-cepted.

By the constitution of 1868 and the 4132d section of the Code, justices of the peace have jurisdiction in all civil cases where the principal sum claimed does not exceed one hundred dollars. Upon the face of the note sued on, the justice of the peace had *prima facie* jurisdiction to have rendered a judgment thereon, but when it was shown by the evidence that the credit of $29.28 had been entered on the note by the plaintiff, without the consent of the de-fendant, contrary to his wishes and will, no payment, in fact, having been made by him on the note, the justice of the peace did not have jurisdiction of that case, under the evidence before him, to render a judgment in it, and should have dismissed the same. The note was an entire contract between the plaintiffs and defendant; it took two parties to make it, and required the consent of both parties to the contract to alter and reduce the amount of it so as to bring it within the jurisdiction of a justice of the peace.

The defendant may not have been willing to have made a contract which would have authorized a justice of the peace to adjudicate his rights under it, and shall the plaintiffs be allowed, without his consent, to force him to litigate his rights in that tribunal, by reducing the amount of the contract under the pretext that they do not *claim* but one hundred dollars under that contract? In our judgment they could not legally have done so. The attempt to reduce the amount of the note by the act of the plaintiffs alone, without the consent of the defendant, did not alter or change the contract as it was originally made by the parties to it. The facts of this case distinguish it from the case of *Wilhelms vs. Noble Brothers & Co.*, 36 *Ga. Rep.*, 599. By the law of this state, the oldest judgment creates a prior lien on the defendant's property, and to allow plaintiffs to alter and reduce contracts at their option, so as to bring them within the jurisdiction of a justice of the peace, and thus obtain a prior judgment lien upon the property of defendants, would be contrary to public policy, and open the door by which plaintiffs might fraudulently obtain prior judgment liens on the property of defendants to the injury of third persons. We find no error in granting the order setting aside the judgment of the justice for want of jurisdiction of the case, on the statement of facts contained in the record.

Let the judgment of the court below be affirmed.