### VELVIN *vs.* HALL *et al.*

1. Where no assignment of error is made in the bill of exceptions on the ground that the court below refused to dismiss an appeal, that ruling cannot be considered here.

2. On an appeal from a justice's court, in a suit for damages to personalty, the jury found that the damages exceeded $100 and were beyond the jurisdiction of the court. No judgment appears in the record as entered on this finding, but the motion for a new trial states that the plaintiff was dissatisfied with the verdict and judgment in the case, and in the statement of the case at the head of the motion for a new trial is an entry of "verdict and judgment for defendant." The motion for a new trial was overruled:

    *Held,* that there is enough in the record to show that the case was determined against the plaintiff and to require a consideration of the grounds of his motion for a new trial.

3. The refusal of a motion to dismiss an appeal from a justice's court furnishes no ground for a motion for a new trial before a jury, and cannot be considered where the only assignment of error is on the refusal of a new trial.

4. In a suit for damages to personalty in a justice's court, it is the

amount of damages laid in the summons, or the declaration attached thereto, that fixes the jurisdiction, and not the verdict or amount of damages proved; and all over the amount so laid can be written off. Therefore, in an appeal from a justice's court, it was error to charge that if the evidence showed the damage exceeded the sum of one hundred dollars, the justice's court did not have jurisdiction, and the jury should find for the defendant on that ground.

5. While generally it may be a correct principle that the jury may add interest to damages from the time the damage was committed, and that they cannot find interest separately from the principal, yet where it was in issue whether the amount involved was beyond the jurisdiction of the court, it was error to charge that interest on damages from the time when due could be added and should be made part of the principal damage.

December 21, 1886.

Practice in Supreme Court. Practice in Superior Court. New Trial. Appeal. Jurisdiction. Justice Courts. Damages. Charge of Court. Before Judge ADAMSON. Carroll Superior Court. April Term, 1886.

To the report contained in the decision, it is necessary to add only that suit was brought in the justice's court for $100 damages to a horse and mare; that the evidence for the plaintiff tended to show that the damages claimed were the result of hard riding; and that there was evidence tending to prove that the damages exceeded $100.

R. A. MASSEY, for plaintiff in error.

J. V. EDGE; OSCAR REESE, for defendants.

JACKSON, Chief Justice.

1. This suit was brought by Velvin against Saffold and others, for damage done to a horse and mare, in a justice court; the plaintiff recovered before the justice one hundred dollars; the defendants appealed to the superior court, and the plaintiff to a jury in the justice court. When the case came up for trial in the superior court, a

motion was made to dismiss the appeal there, because an appeal was entered in the justice court first to a jury there. The court refused to dismiss the appeal, on which refusal we find no assignment of error in the bill of exceptions, and it cannot be considered here, though pressed in the argument.

2. The case went on to trial upon its merits, and the jury found a verdict as follows:

"We, the jury, find the damages to exceed the jurisdiction of the court, being in excess of one hundred dollars."

Upon this verdict no judgment was entered, so far as can be found in this record, and it stands without more in the court below, except that a motion is made stating that " the plaintiff being dissatisfied with the verdict and judgment in this case, comes, during the said term and before the adjournment thereof, and moves the court for a new trial upon the following grounds," setting them out, and except that at the head of this motion the case is stated, with the entry opposite in brackets, "Verdict and judgment for defendant, April term, 1886, Carroll superior court." On this motion, so stated, a rule *nisi* is granted and the facts of the grounds verified by the presiding judge. Therefore it must be that a judgment for defendant was entered upon this verdict, though appearing nowhere else than in these recitals, so far as can be discovered by us, because the court so recognized in this motion, and approved and made record in this way of the fact that judgment was entered.

We are thus particular, because, if no judgment had been entered for defendant, the plaintiff could not well bring this writ of error here, inasmuch as the verdict standing as made by the jury, would be construed in his favor rather than against him, its intendment being that the jury found one hundred dollars and more as his damages, and the more could be written off to bring the case within the jurisdiction, as has been often held by this court. We think, therefore, that the motion for a new trial, on the

grounds therein made, must be passed upon as it stands.

3. The first ground is no ground for a new trial before the jury, it being a motion to dismiss the appeal addressed to the court, upon which no assignment is made, except the general refusal to grant the new trial, and which has already been disposed of for want of a specific assignment of error.

4. It was error in the court to charge, as alleged in the second ground, "that if the evidence showed the damages exceeded the sum of one hundred dollars, the justice court did not have jurisdiction, and the jury should find for the defendant on that ground." It is the amount of damages laid in the declaration, or, in justices' courts, in the summons, or appended to it, that fixes the jurisdiction, and not the verdict or amount of damages proved, and all over that laid can be written off. See *Giles, ordinary, for use, etc.,* *vs. Spinks et al.,* 64 *Ga.* 205, and cases there cited, and many others in our reports. So that to instruct the jury that the finding must be for the defendant, as the judge seemed, by the judgment he recognized as entered, to think the verdict of this jury had done,—

5. So also the court erred in the charge that interest on damage from the time then made could be added, and should be made part of the principal damage, under the facts here and the jurisdictional issue submitted by him, because when the suit was brought and the damage just done, the court might have had jurisdiction, even on his own view of the law, but when tried, as it was, some two years afterwards, interest added would swell the damages beyond the jurisdiction. The principle that the jury may add interest to damages from the time the damage is committed is sound, and that it cannot be given or found as interest separate from principal, is equally sound ordinarily; but when the court was pressing a wrong view of jurisdictional law upon the jury, to swell the principal so as to oust wrongfully, the jurisdiction was error. Who can tell but that the excess of the verdict over one hundred dol-

lars was made up of interest? If so, this charge alone, casting doubt upon the clearness of the meaning of this verdict by unusual terms, hurt the plaintiff. We had thought to interpret the verdict and direct judgment thereon for one hundred dollars damages; but the fact that judgment is recognized by the court as being already entered upon the verdict for the defendants, would make it appear that we had annulled a judgment when no point had been made on it by assignment of error thereon. To reach the justice of the case according to law, it is necessary to have it tried again; and it is so ordered.

Judgment reversed.