STEWART *v.* THOMPSON & COMPANY.

Where a promissory note is for more than $100 principal, the holder may, after remitting by an entry on the note all the excess, bring suit for that sum in the county court, and the court may exercise jurisdiction of the case at its monthly session. The act of 1879 does not deny to creditors this method of reducing their demands so as to prepare them for suit in the county court, whether the jurisdiction is to be exercised at the monthly or at the semi-annual session.

October 3, 1890.

Jurisdiction. County courts. Before Judge ROBERTS. Pulaski superior court. November term, 1889.

Thompson & Co. sued Stewart in Pulaski county court on a promissory note, due October 1, 1887, for $136.05, interest from maturity at eight per cent. and ten per cent. attorney's fees; but the suit was for only $100 besides interest, the plaintiffs having previously written off $36.05 principal and the attorneys' fees, without

the defendant's consent, in order to sue in monthly term of the county court. There, on February 6, 1888, they recovered against him a verdict and judgment for $100 principal, $2 interest and $3 costs; and the defendant appealed to the superior court. His plea was, not indebted; and it was never withdrawn or dismissed. He moved to dismiss the case on the following grounds: (1) The original amount of the note being within the jurisdiction of the county court at its quarterly sessions and within the jurisdiction as fixed by the act of 1878, it was illegal for the plaintiff to write off the amount necessary to bring the case in at the monthly sessions of the court against the consent of defendant, who contracted with reference to the original note being within the jurisdiction of the county court. (2) The writing off, to wit: "Cr. $36.05 and attys.' fees written off of principal," was not such a writing off as would bring the case within the jurisdiction of the county court at its monthly term, but was like a credit and went first to the interest that had accumulated, and there was not enough written off to bring the principal amount down to $100 at the time of bringing suit, January 21, 1888. The motion was overruled; and this is assigned as error. Judgment for the plaintiffs was rendered.

MARTIN & SMITH, for plaintiff in error.

W. F. KELSEY and PATE & WARREN, *contra.*

BLECKLEY, Chief Justice.

Where no statutory provision regulates the matter, whether a creditor whose demand is created by express contract, such as a promissory note, can voluntarily abandon a part of his claim, or enter a credit upon it, for the express purpose of reducing it within the jurisdiction of a given court, is a question upon which authorities differ. It is probable that the weight of decision is with the affirmative. Wells on Jur. §102; King *v.* Dougherty, 2 Stew. (Ala.) 487; Raymond *v.*

Strobell, 34 Ill. 113; Culbertson v. Tomlinson, 1 Morris (Ia.), 404; Stone v. Murphy, 2 Clarke (Ia.), 35; Bates v. Bulkley, 2 Gilm. 389; Ellis v. Snyder, Breese (Ill.), 263; Herren v. Campbell, 19 Vt. 23; Simpson v. Updegraff, 1 Scam. 594; Fuller v. Sparks, 39 Tex. 136; Hempler v. Scheider, 17 Mo. 258; Litchfield v. Daniels, 1 Col. 268. And see Matlock v. Lare, 32 Mo. 262; Alexander v. Thompson, 38 Tex. 533; Danforth v. Streeter, 28 Vt. 490; Denny v. Eckelkamp, 30 Mo. 140; Koroski v. Foster, 20 Ill. 32; Evans v. Hall, 45 Penn. St. 235; Bowditch v. Salisbury, 9 Johns. 366; Bennett v. Ingersoll, 24 Wend. 113; Wharton v. King, 69 Ala. 365. Authorities upholding the negative are, however, not wanting. Com. Dig. County, (C) 8; Ramsay v. Court, 2 Bay, 180; Simpsom v. McMillion, 1 Nott & McC. 192; Sands v. Delap, 1 Scam. 168. And see Clark v. Cornelius, Breese (Ill.), 21; Blue v. Weir, Id. 293; Simpson v. Rawlings, 1 Scam. 28; Hugunin v. Nicholson, Id. 575; Stroh v. Urich, 1 W. & S. 57; Collins v. Collins, 37 Penn. St. 387; Bower v. McCormick, 73 Id. 427; Peter v. Schlosser, 81 Id. 439. Our books furnish one case (*Cox et al.* v. *Stanton,* 58 *Ga.* 406) squarely on the negative line, and several *dicta* looking in the same direction may be found. See *ex parte Gale, R. M. Charlton's Rep.* 214; *Commissioners* v. *Lowe, Id.* 298; *Tyler Cotton Press Co.* v. *Chevalier,* 56 *Ga.* 494.

Upon the special question as to the use of such means for bringing a case within the jurisdiction of the county court, we have one express ruling on the affirmative side, in *Wilhelms* v. *Noble Bros.,* 36 *Ga.* 599, a decision which was made upon the first act establishing county courts, that of 1866, which, in addition to certain enumerated cases, conferred jurisdiction in "all other civil cases in which not more than one hundred dollars is claimed as damages, or principal sum due." Acts 1865-6, p. 66. It would seem that this language is so nearly

identical with that dealt with in *Cox et al.* v. *Stanton*, 58
*Ga.* 406, *supra*, touching the jurisdiction of justices'
courts, as to make the same rule of decision applicable
to both.    But in the latter case, Judge Warner says
the two cases are unlike, without indicating in what
respect they are unlike.    Looking to these two cases
alone, the result appears to be that for the county court
one rule prevails, and for the justice's court another.
The act of 1866 was repealed, and was succeeded by the
act of 1872 (pamph. acts 1871-2, p. 289) the terms of
which are found in the code of 1873, sections 279 *et seq.*
This act expressly allowed a creditor to reduce his de-
mand to an amount within the jurisdiction of the county
judge, its language being, " Any person desiring to bring
his claims within the jurisdiction of the county judge
may do so, by remitting or releasing so much of his
claim as will bring it within the jurisdiction aforesaid
of the county judge."    After the adoption of the consti-
tution of 1877, the act of 1879 (pamph. acts 1878-9, p.
132) was passed, the declared object being to comply
with the terms of the constitution in respect to making
the jurisdiction and practice of the county courts uni-
form.    The language of this last act upon the subject of
jurisdiction as to amounts is as follows : "The jurisdic-
tion of the county courts shall extend in the county
town district, or districts, to all civil cases of contract
or tort (save when exclusive jurisdiction is vested in the
superior court), where the principal sum claimed, in
cases of contract, or damages in cases of tort, does not
exceed three hundred dollars, and over the remainder
of the county when the principal sum as aforesaid
does not exceed three hundred dollars, nor is less than
fifty dollars.    At the monthly session said court may
entertain jurisdiction  .  .  of suits in which the amount
of principal or damages claimed does not exceed one
hundred dollars, and at the quarterly sessions it shall

have jurisdiction of suits wherein such amount is not more than three hundred dollars." Code 1882, §282, par. 1; §283(f). It omits the provision above recited from the act of 1872, but it also deviates slightly from the terms of that act in defining the jurisdiction, the terms of the act of 1872 being as follows: "That the said county judges shall have jurisdiction in all civil cases, matters of contract and of tort (except where by the constitution an exclusive jurisdiction is given to the superior courts of this State), where the principal sum in cases of contract, and where the damage claimed in cases of tort, does not exceed one hundred dollars, but in cases where said principal sum so claimed, or damage, is more than fifty dollars, there may be an appeal to the superior court," etc. It will be seen that the words substituted for this language, in the act of 1879, correspond very closely with the terms employed in the act of 1866, and which in *Wilhelms* v. *Noble Bros., supra,* were construed as allowing the plaintiff to reduce his demand, though the same consisted of a sum fixed by a promissory note. In view of that decision, the legislature of 1878 may have thought that it was unnecessary to keep in force the express provision in the act of 1872 allowing such reduction to be made. This is one way of accounting for the omission of that provision from the act of 1879. Another way of accounting for it is, that the legislature may not have thought it to come within the object or scope of the act which they were then passing, as that act dealt with the power and jurisdiction of the county courts, and not directly with the power and rights of a creditor to abandon or release a portion of his demand. Thus, the legislature may have supposed that not to mention that provision of the act of 1872, which formed a part of section 282 of the code of 1873, was simply to leave it in force. This particular section of the code of 1873 was passed over in silence.

v 85-53

True, the last section of the act of 1879 has a very broad and comprehensive repealing clause, the same being in these terms : " That all laws, general or local, except as in this act provided, by which jurisdiction or power is conferred on any county court or judge; or whereby its proceedings or practice, or the force or effect of the process, judgment or decree of any such court is defined, and all laws in conflict with this act, are hereby repealed." Pamph. acts 1878-9, p. 136. But, as we have suggested, a mere grant of power to creditors to reduce their claims, is not necessarily embraced within the language of this repealing clause, for such grant of power relates, not to what the county courts can or may do, but what suitors may do preliminary to invoking the jurisdiction of these courts. The provision in question was carried forward from the code of 1873 into that of 1882, section 282, par. 6. This indicates that the compilers of the code considered it still in force. There has certainly been no express repeal of it, and we discover no conclusive reason for holding that it has been repealed by implication. Moreover, even if it has been so repealed, why should not the act of 1879 be construed as was that of 1866 ? If the words " civil cases in which not more than one hundred dollars is claimed as damages, or principal sum due," used in the act of 1866, would, by their own force, warrant a creditor in reducing his demand on a promissory note, why should not also the words " suits in which the amount of principal or damages claimed does not exceed one hundred dollars," employed by the act of 1879 ? It might be that such a provision would be necessary in connection with the words of jurisdiction employed by the act of 1872 ; but as we have seen, those words have been slightly departed from by the act of 1879, and words equivalent to those embraced in the act of 1866 adopted. Our conclusion is, that with or without the aid of this express

provision, the county courts should now measure their jurisdiction by the principal amount "claimed," and not by the promissory note or other evidence of debt upon which the action is based. In the present case, the amount of principal "claimed" was only $100.00, all excess being remitted by a credit entered on the note before suit. Originally the note was for $136.05, besides 10 per cent. attorney's fees, and interest from maturity at the rate of 10 per cent. per annum. The suit fell within the letter of the statute conferring jurisdiction on the county court at its monthly session, and we think it fell, also, within the spirit and meaning of the statute.   *Judgment affirmed.*