## DOWDLE *v.* STEIN.

The questions of law made in this case touching the jurisdiction of the court are controlled by the principles announced by this court in the cases of *Wilhelms* v. *Noble,* 36 *Ga.* 599, and *Stewart* v. *Thompson & Co.,* 85 *Ga.* 829.

Argued October 20,—Decided November 27, 1897.

Complaint—appeal.    Before Judge Littlejohn.    Sumter superior court.    November term, 1896.

Suit was brought to the monthly term of the county court, for $100, besides interest, upon a promissory note for $101.58 principal.    The defendant filed a demurrer on the grounds that the monthly term of the county court had no jurisdiction of the amount of the note, that the amount in excess of $100 was not expressly reduced or remitted by the plaintiff before the suit was filed, and that it was not alleged that the defendant consented to the same.    The defendant pleaded that the monthly term of the county court was without jurisdiction, because the note was for more than $100, and he did not consent that the amount should be reduced so as to give the court jurisdiction; also that the amount of $1.58, claimed to have been written off, was not remitted before the filing of the suit.    Judgment was rendered against the defendant, and he took the case to the superior court by appeal.    That court overruled the demurrer, and defendant excepted.    The plaintiff introduced in evidence the note sued on, and closed.    Upon the back of it was an entry as follows: "Plaintiff write off $1.58, and only claims $100."    R. L. Maynard, the plaintiff's attorney who brought the suit, was introduced as a witness for the defendant, and testified that the entry on the back of the note was made by him as attorney for the plaintiff, after the filing of the suit, and was made without authority or consent of the defendant.    The defendant testified that he did not authorize or consent to the making of the entry.    The evidence here closed.    The court directed a verdict for the plaintiff; and defendant excepted. He excepted also to the overruling of his motion for a new trial, which contained, in addition to the general grounds, the following:    The court erred in admitting the note in evidence,

over the objection that it was for an amount exceeding the
jurisdiction of the monthly county court, and that before it
would be admissible it would be incumbent upon the plaintiff
to show that the entry thereon remitting $1.58 was made be-
fore the filing of the suit, and was authorized by the defend-
ant. The court erred in sustaining the objection of plaintiff's
counsel to the following question propounded to the witness
Maynard, for the defendant: "What authority, if any, did
you obtain from your client to make the entry which appears
on the back of said note, crediting the same with $1.58, or
what instructions, if any, did you receive from your client to
this effect?"

*W. P. Wallis* and *L. J. Blalock*, for plaintiff in error.
*R. L. Maynard*, contra.

Simmons, C. J. Section 4194 of the Civil Code, in treating
of the jurisdiction of the monthly sessions of county courts, pro-
vides that at such sessions the court may entertain jurisdiction
of suits in which the amount of the principal, or of dam-
ages claimed, does not exceed one hundred dollars. While
the note sued on in the present case was for more than one
hundred dollars, the petition filed by the plaintiff claimed
only one hundred dollars, which, under this section, gave the
court jurisdiction. Section 4195 of the Civil Code authorizes
any person desiring to bring his claim within the jurisdic-
tion of the county judge, to do so by remitting or releasing
so much of his claim as will bring it within the jurisdiction
aforesaid. When, therefore, the plaintiff filed his petition
and claimed only one hundred dollars as due him on the
promissory note sued on, and the note was for more than one
hundred dollars, this was a "remitting or releasing" of the ex-
cess of the amount of the note over one hundred dollars, and
it was not necessary for him to expressly aver in the petition
that he had remitted or released the overplus. The entering
on the note of a credit for such overplus, after the declaration
had been filed, was sufficient to authorize the admission of the
note in evidence.

The ruling in this case is in harmony with the rulings of this

court in *Wilhelms* v. *Noble*, 36 *Ga.* 599, and *Stewart* v. *Thompson & Co.*, 85 *Ga.* 829.   Indeed, these cases settle and control the case now under consideration.   The case of *Peeples* v. *Strickland*, 101 *Ga.* 829, is not in conflict with the ruling in this case. That case commenced in a justice's court, and there is no law authorizing a plaintiff to remit or release a part of his claim so as to give jurisdiction to a justice's court.   Besides, it was held in that case that the suit was for the whole amount of the promissory note sued on, and that the one hundred dollars mentioned in the summons was merely descriptive of the note and did not indicate the amount sued for.

<div align="center">

*Judgment affirmed.   All the Justices concurring.*