GRIFFITH v. ELDER.

110  453
e127  783

Where in an affidavit to foreclose the lien of a laborer it was alleged that the defendant was indebted to the affiant in the sum of seventy-two dollars, which indebtedness arose under a contract by which the defendant agreed to pay the affiant the sum of one hundred and twelve dollars for labor as a farm hand for a given year, it was error to dismiss the proceeding on the ground that the affidavit showed that the amount claimed was not within the jurisdiction of a justice's court.   In such a case it is the amount claimed to be due, and not the amount originally contracted to be paid, which determines the jurisdiction.

Argued March 12, — Decided April 7, 1900.

Foreclosure of lien — appeal.   Before Judge Reese.   Oglethorpe superior court.   April term, 1899.

*James Davison* and *Samuel H. Sibley,* for plaintiff.
*Hamilton McWhorter* and *Joel Cloud,* for defendant.

LITTLE, J.   Griffith, for the purpose of foreclosing his lien as a laborer on the property of Elder, filed an affidavit in the following language:  "Before me  .  .   appeared Robert A. Griffith who on oath says that Louis T. Elder of said county is indebted to him in the sum of seventy-two dollars, which amount is now due, having become due on the 25th of December, 1898; and deponent claims a lien for said debt upon all of the personal property of said L. T. Elder, and particularly on the cotton, cottonseed, corn and fodder now in said county belonging to said Elder.   Deponent shows the following facts upon which he bases his claim of lien under the code.   On the          day of December, 1897, deponent did contract with defendant to work on the farm for him for $112.00 per year, and in pursuance of that

contract deponent did work as a farm laborer for defendant. Deponent has complied and performed his contract as aforesaid." Demand and refusal were averred. On this affidavit an execution issued, and was levied on certain cotton, corn, cottonseed, peas, etc., as the property of Elder. An issue was formed, and came up for final trial on appeal in the superior court, when a motion was made to dismiss the proceeding because the same was for an amount in excess of the jurisdiction of a justice's court. The plaintiff then offered to amend his affidavit for foreclosure by alleging that the seventy-two dollars was a balance due on his contract at the time of foreclosure; that the remainder of the sum agreed on in the contract had been paid. Thereupon the court refused to allow the amendment, and dismissed the proceeding; to which Griffith excepted. The only question raised is whether or not the affidavit made to foreclose the lien showed that the amount claimed was beyond the jurisdiction of a justice's court. The judge ruled that it was. In doing so, we are of the opinion that he erred. By section 4068 of the Civil Code a justice's court has jurisdiction in civil cases arising ex contractu, and in cases of injuries or damages to personal property, where the sum claimed does not exceed one hundred dollars; and it is provided by subdivision 3 of section 2816, in relation to the foreclosure of liens on personal property, that the person prosecuting the lien shall make affidavit showing the facts necessary to constitute a lien under the code, and the amount claimed to be due. In this case the amount claimed to be due, by direct averment, was seventy-two dollars; and the facts necessary to constitute a lien under the code were shown to be, that the affiant had contracted to work as a farm laborer for the defendant for the year 1898, for the sum of one hundred and twelve dollars, and that under said contract he did the work he had agreed to perform; so that both the amount claimed to be due and the facts necessary to constitute the lien were shown by the affidavit. There was no claim made that the sum of one hundred and twelve dollars was due under the contract; on the contrary, that idea was expressly negatived, and the only claim made in the affidavit was for seventy-two dollars. We think the affiant complied not only with the spirit, but with

the letter of the section of the code under which he was proceeding; and the fact that he alleged that this indebtedness of seventy-two dollars grew out of a contract for one hundred and twelve dollars did not raise the question of jurisdiction. In *Giles* v. *Spinks,* 64 *Ga.* 205, the plaintiff instituted an action on a constable's bond, which by provision of law is for an amount greater than one hundred dollars. The action was brought to the monthly session of the county court of Houston county, in which the jurisdiction was limited to one hundred dollars. The jury returned a verdict for more than one hundred dollars. This court held that the county court had jurisdiction of that action; that it is the amount of damages laid in the declaration that fixes the jurisdiction, and not the verdict of the jury; and directed that the amount of the verdict in excess of one hundred dollars and cost be written off. And in *Velvin* v. *Hall,* 78 *Ga.* 136, it appeared that in a suit for damages the jury returned a verdict that the damages exceeded the jurisdiction of the court; and on a review of the case this court held that in a suit for damages to personalty in a justice's court it is the amount of damages laid in the summons, or declaration attached, that fixes the jurisdiction, and not the verdict or amount of damages proved, and all over the amount so laid can be written off; and that it was error to charge that if the evidence showed the damage to exceed the sum of one hundred dollars the justice's court did not have jurisdiction, and the jury should find for the defendant on that ground. And in *Bowden* v. *Taylor,* 81 *Ga.* 199, which was a suit brought in a justice's court on a forthcoming bond, the principal of which was three hundred dollars, but the amount sued for was less than one hundred dollars, this court held that such suit was within the jurisdiction of the justice's court. In that case a motion was made to dismiss on the ground that the magistrate had no jurisdiction, because the bond was for three hundred dollars in amount. The magistrate overruled the motion; and this court, through our present Chief Justice, said that such ruling was right; that while the suit was brought on a bond for three hundred dollars, the amount claimed was less than one hundred dollars, and that, this being true, of course it was not over the jurisdiction of the justice's court.

Here, the amount sued for is expressly named as that of seventy-two dollars — within the limit of the jurisdiction of the justice's court.  It can make no difference to the defendant whether that claim arose under a contract of one hundred and twelve dollars or not.  At least, the plaintiff was seeking only to recover an amount within the jurisdiction of the court; and the court erred in dismissing the proceeding.  No amendment was necessary.

*Judgment reversed.  All the Justices concurring.*