STOTHART v. MELTON.

COBB, J.  Where a contract of employment contemplates work the doing of
    which depends mainly upon the mere physical power of the employee to do
    ordinary manual labor, the person so employed is a "laborer" within the
    meaning of the statute of this State exempting from the process of garnish-
    ment the wages of journeymen mechanics and day-laborers. *Kline* v. *Russell*,
    113 *Ga.* 1085, and cases cited; *Pike* v. *Sutton*, 115 *Ga.* 688.  The mere fact
    that such an employee has the control and management of coemployees
    engaged in similar work would not deprive him of the exemption allowed by
    the statute.                          *Judgment affirmed   By five Justices.*

Submitted February 26, — Decided March 18, 1903.

Certiorari.    Before Judge Barrow.    Chatham superior court.
August 1, 1902.

Upon an execution against Melton a garnishment was sued out,
which was traversed, and the trial justice entered judgment sus-
taining the traverse.    This ruling was set aside on certiorari, and
the plaintiff excepted.    The evidence was in brief as follows: Mel-
ton is employed as a carpenter in a planing-mill; is foreman of the
mill, has charge of that department, and has ten or fifteen men
under him; is paid by the hour, and earns $3.25 per day; has special
supervision of the mill, because he is a skilled mechanic, and for
his ability to manage it; others working under his orders do not
receive the same pay he gets; he directs work and works himself,
and it is manual labor — is not easy work but very hard; his duties
are to run machinery, adjust it to cut patterns needed, repair it if
needed; he is not an officer; works just the same as the other men
do who work with him and under him; has no more authority than
to tell them what to do; can not hire or discharge them; he works
with them, and is known as a subforeman.    Should witness wish
anything done, he goes to the foreman of the car department, who
then goes to Melton.    All the timber and wooden patterns for
cars are got out by Melton and furnished to the foreman, his supe-
rior, who has control of the mill.    Melton is in control under him.
All of his work is mechanical; he assists the other men in turning
out work in the mill, works as they do, and does manual labor; all
the time not engaged in giving directions to men under him he is
running the machinery and handling lumber and timbers; is em-
ployed as a mechanic; keeps machinery in repair to a great extent,
as far as his ability goes.    Breaks occur that he can not mend; then
it goes to the foundry or machine-shops.    His work in the mill is

woodwork, and he works most of the time like the other men.　No one but a skilled mechanic could handle the machinery and keep it in order.　Melton's skill was what placed him in the position; he was employed on account of his skill, not on account of his ability to supervise and direct men only.　He is required by his employer to work just like the other men, and not simply to boss.　All of his work is manual.

*D. H. Clark* and *W. N. Clark*, for plaintiff.
*Shelby Myrick*, for defendant.