## JENNINGS *v.* STRIPLING.

1. A summons in a justice's court required the defendant to appear and "answer the demand of B. H. Stripling in an action for damages for breach of contract in the sum of $100." Attached to the summons was a statement of the alleged cause of action, in which $100 was set forth as damages for the breach of a contract. Following this was an itemized statement showing damages in different amounts, resulting from various causes, the aggregate amount being $132.50. Following this statement were these words: "To amount written off and unclaimed, to bring case within J. P. jurisdiction, $32.50." *Held,* That the suit was within the jurisdiction of the justice's court. (ATKINSON, J., dissents.)

2. The cause of action attached to the summons was one arising ex con-

*tractu.* It sufficiently put the defendant on notice as to what was the demand he was called upon to answer, and, under the liberal rules followed in justices' courts, there was no error in overruling the demurrer to such cause of action.

3. Jurors, in passing upon the testimony of witnesses who are called to give their opinion as to the value of services, are not absolutely bound by such opinion, but may exercise their own judgment on the subject, taking into consideration the nature of the service, the time required to perform it, and all the attendant circumstances.

4. There being, under the evidence, matters properly for the determination of the jury, the court erred in directing a verdict.

Submitted July 18, 1906.—Decided March 1, 1907.

Appeal. Before Judge Spence. Worth superior court. October 26, 1905.

Stripling sued Jennings in a justice's court. The summons cited the defendant "to answer the demand of B. H. Stripling in an action for damages for breach of contract in the sum of one hundred dollars." The cause of action attached to the summons was as follows:

"Warrior, Ga., December 21, 1903.

"J. T. Jennings, dr. to B. H. Stripling.

"To damages for breach of contract which was verbally made, but was substantially as follows:                    $100.00.

"On Jaunary 31, 1903, J. T. Jennings, the defendant in this case, agreed and contracted to furnish to B. H. Stripling, the plaintiff, twenty-five acres of land, stock, and farm implements of necessity for making a crop thereon, and half the guano to be used in making said crop, and all the cottonseed to be used in fertilizing said Stripling's corn, and the house for said Stripling and family to live in while making the crop during the year 1903. In consideration of the above promise, said B. H. Stripling agreed and contracted to furnish the labor for making said crop, and half the guano to be thus used. Said crop was to be made on the place known as the John Robert's place, in the 1576th district, G. M., Worth county, and on the west side of Isabella and Nashville road. It was agreed and understood, as a part of this contract, that said J. T. Jennings should have all the cottonseed and half of everything else made of said crop except potatoes and what was made in the garden, and that said B. H. Stripling should have all the potatoes and all made in his garden and half of everything else made except cottonseed. The crop was to consist of about ten acres of

corn, about fourteen acres of cotton, and one acre of potatoes. Immediately after the above contract was made, plaintiff moved to said place and began performance of his part of the contract, and continued thereat until April 1st, 1903, when defendant broke the contract and drove plaintiff off the place, without any just cause whatever for so doing. Plaintiff claims actual damages as follows:

"To cost of moving to place contracted for, $2.00. To two months' labor on said place, viz., February and March, at $18.00, $36.00. To cost of moving away from place, $2.00. To expense of later seeking other employment, April 1st to 23rd, lost time and traveling expenses, $20.00. To house rent since April 1st, 1903, at $2.50 per month, $22.50. To money borrowed from Bank of Tifton to meet necessary expenses in complying with contract, $50.00. To amount written off and unclaimed, to bring case within J. P. jurisdiction, $32.50. Balance due, $100.00."

The defendant filed a plea in the justice's court, in which he denied any indebtedness to the plaintiff, and specially pleaded that the plaintiff was lazy and idle and would not cultivate the land, and that the defendant told him he must either leave or work, and that the plaintiff, rather than work, left, and caused great damage to defendant, the damages being the rental value of 35 acres of land at $2 per acre, to wit, $70; for which defendant prayed a judgment against the plaintiff. The case was carried, by appeal, to the superior court. On the trial in the superior court a plea to the jurisdiction, which appears to have been filed in the justice's court, was insisted on. This plea set up that the justice's court had no jurisdiction, for the reason that the suit was for more than $100, and for the additional reason that the cause of action set forth was not one arising ex contractu, nor for injury to personal property. The judge struck this plea as insufficient in law; and error is assigned on this ruling. Before this plea was stricken, an amendment to the cause of action was allowed, which struck therefrom the item of $22.50 for house rent and the item of $50 borrowed from the Bank of Tifton. The defendant then insisted on a demurrer, which appears also to have been filed in the justice's court. In this demurrer it was set up, that no cause of action was set forth; that no bill of particulars was attached to the summons; that the cause of action contained a misjoinder, in that damages were prayed both for a violation of a contract and for a tort; that

the manner in which the defendant broke his contract and in which the plaintiff was damaged was not set forth; that the last three items in the bill of particulars, aggregating $92, were not itemized, and it was not alleged how the defendant became liable for two months' labor claimed in the item of $36; that it was not shown why the defendant was liable to the plaintiff in any of the items set out in the plaintiff's suit; that the amount set out in the cause of action was more than $100, and the justice's court had no jurisdiction of the suit; that the suit was not an action ex contractu, nor for injury done to personal property; and that the alleged contract is unilateral. This demurrer was overruled, and the defendant assigns error upon this ruling. The case proceeded to trial, and at the conclusion of the evidence the court directed a verdict for the plaintiff, in the sum of $54; and error is assigned thereon.

*Payton & Hay,* for plaintiff in error. *L. D. Passmore,* contra.

COBB, P. J. (After stating the facts.)

1. When there is no law, in terms, regulating the matter, whether a creditor whose demand is created by express contract, such as a promissory note, can voluntarily abandon a part of his claim, or enter a credit upon it for the express purpose of reducing it within the jurisdiction of a given court, is a question upon which the authorities differ. See the numerous authorities cited in the opinion of Mr. Chief Justice Bleckley, in *Stewart* v. *Thompson,* 85 *Ga.* 831. Attention is called by the learned Chief Justice to the case of *Cox* v. *Stanton,* 58 *Ga.* 406, as a ruling squarely on the negative line; and other cases, in which dicta to that effect appeared, are also cited. The constitution declares, "Justices of the peace shall have jurisdiction in all civil cases arising ex contractu, and in cases of injuries or damages to personal property, when the principal sum does not exceed one hundred dollars." Civil Code, § 5856. In *Cox* v. *Stanton* the suit was upon a promissory note for $129.28, upon which the holder had indorsed a credit of $29.28, so as to make the amount claimed only $100. The debtor did not consent to this relinquishment, and it was held that the suit on the note was not within the jurisdiction of the justice's court. The ruling in this case has never, to our knowledge, been doubted or criticised, and therefore it is authoritative in any case which comes within the range of the decision. What was the extent of this rul-

ing? Simply that where a contract was entered into, and the damages are fixed, certain, and liquidated by the agreement of the parties, it is not within the power of the creditor, without the consent of the debtor, to relinquish a portion of such damages in order to bring his demand within the jurisdiction of a given court, when there is no statute authorizing him to do so. While the decision was dealing with a written contract, the principle is not limited in its application to contracts· in writing, but it is limited to cases where the damages are liquidated. It would certainly be applicable in the case of an account stated, for in such cases the amount of the account becomes a liquidated demand, either as the result of an express assent or acquiescence for a reasonable time after presentation. In ex parte *Gale, R. M. Charlton's Rep.* 214, Judge Charlton held that the principle was applicable in the case of an open account founded upon an entire contract. In that case the plaintiff had sold to the defendant six thousand tiles, amounting to $60, and the plaintiff divided the same into two accounts of $30 each, and brought two separate actions in the justice's court, the jurisdiction of the justice's court being at that time limited to $30.

In any case where the amount of the demand which the plaintiff holds against the defendant is fixed and certain by the express agreement of the parties, or becomes so by implication of law, the amount of such demand can not be reduced by the creditor so as to bring the same within the jurisdiction of a given court, without the consent of the defendant, unless there is a statute which expressly authorizes such a proceeding. But there are many claims which one person may hold against another where the amount due is not fixed by express agreement and does not become certain by implication of the law, and what shall be the extent of the claim that the injured party shall assert against the wrong-doer is a matter left to the determination of the party when he brings suit, the amount of the recovery, of course, being left to the determination of the jury, under the evidence in the case. Claims of this character may arise out of contract or out of tort. In neither class of cases is the plaintiff bound to claim all of the damages which might be the subject of a legal recovery. If the amount claimed in the suit is within the jurisdiction of a given court, it will not lie in the mouth of the defendant to say to the plaintiff, "You should have sued me for a larger amount, because my wrongful conduct

was of such character as to damage you in a sum greater than that which you claim." In case of liquidated damages he might properly say, "You can not sue me in a given court, for the reason that the amount of your demand against me was fixed by agreement or by the law, and I am entitled to have the matter in controversy adjusted only in a court which has jurisdiction of such an amount." But when the amount is not fixed, either by agreement or by the law,—that is, in a case where the damages are unliquidated,— and the amount, in either event, is finally left to the determination of a jury, under all the circumstances of the case, the plaintiff is not bound to claim all of his damages, but may claim such only as he sees proper; and, if the amount claimed is within the jurisdiction of a given court, the defendant can not defeat the suit by showing that his wrongful conduct was more injurious than the plaintiff saw fit to allege.

In *Velvin* v. *Hall,* 78 *Ga.* 136, it was held that in a suit for damage to personalty, in a justice's court, it is the amount of damages alleged in the summons that fixes the jurisdiction. In *Bowden* v. *Taylor,* 81 *Ga.* 199, it was held that a suit on a forthcoming bond, where the penalty in the bond was $300, but the damages claimed were less than $100, was within the jurisdiction of the justice's court. In *Southern Express Co.* v. *Hilton,* 94 *Ga.* 450, the suit was against a common carrier on a contract for the carriage of $1,100 of money, and the breach alleged was the failure to deliver $100. It was held that the suit was one arising ex contractu, and was within the jurisdiction of the justice's court. In *Pickett* v. *Smith,* 95 *Ga.* 757, attachment was sued out in a justice's court upon a promissory note for $100, which contained a stipulation for the payment of attorney's fees in the event of collection by suit. It was held that the suit was within the jurisdiction of the justice's court, for the reason that no attorneys' fees were claimed in the attachment, the claim for the principal and the attorney's fees being two distinct and severable demands. In *Griffith* v. *Elder,* 110 *Ga.* 453, the affidavit for the foreclosure of a laborer's lien alleged that the defendant was indebted to the affiant in the sum of $72, which indebtedness arose on a contract in which the defendant agreed to pay the affiant $112 for his labor as a farm hand for a given year. It was held that it was error to dismiss the proceeding upon the ground that the affidavit

showed that the amount claimed was not within the jurisdiction of a justice's court. In such a case it is the amount claimed to be due, and not the amount stated in the original contract, which determines the jurisdiction. In the present case the amount alleged in the summons as being due was $100. In the cause of action attached to the summons it appeared that the damages resulting from the wrongful conduct of the defendant exceeded that amount, but all of these demands were unliquidated. After enumerating the various items, which, in the aggregate, exceed $100, the plaintiff adds these words: "To amount written off and unclaimed, to bring case within J. P. jurisdiction, $32.50." When this amount is deducted, the damages alleged are exactly $100. When the summons and the cause of action attached are taken together, it is manifest that the plaintiff was claiming only $100 as damages, and that all of the damages claimed were unliquidated in their nature. Under such circumstances he was not bound to claim all of his damages, but could rest content with such an amount claimed as would be within the jurisdiction of a justice's court.

2. It appears from the statement of facts that the defendant filed a demurrer to the suit, upon numerous grounds. When the summons and the cause of action attached are taken together, it is manifest that it was the intention of the pleader to bring an action for the breach of a contract, and therefore there was no merit in the ground of the demurrer which set up that there was a misjoinder of the causes of action, in that a part arose out of a contract and the other part out of a tort. A plaintiff in a justice's court is not bound to set forth his cause of action with the same degree of particularity that is required in petitions in courts of record. Enough must be set forth to put the defendant on notice of the general character of the claim against him, and what is stated must be free from equivocation or ambiguity. *Atlanta Ry. Co.* v. *Shippen,* 126 *Ga.* 784, and case cited. The exhibit to the summons set forth a cause of action, as against a general demurrer, and the special demurrer was properly overruled.

3, 4. We think the court erred in directing a verdict. The damages were unliquidated as to every item. While witnesses could be properly called to give their opinion as to the value of the services of the plaintiff, the jury were not bound by the opin-

ions of such witnesses. These opinions were simply to aid them, and they were at liberty, if they believed that the facts and circumstances authorized it, to find a less amount for the plaintiff than the lowest estimate found in the testimony of any witness. *Baker* v. *Richmond City Mill Works,* 105 *Ga.* 225; *Brown* v. *Ga. Mining Co.,* 106 *Ga.* 516; *Cross* v. *Coffin-Fletcher Co.,* 123 *Ga.* 820; *Sweat* v. *Sweat,* Id. 802.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

ATKINSON, J., concurring specially. I concur in the judgment of reversal and in all the rulings made, except that stated in the first headnote. I dissent from the proposition therein stated, for the reason that I do not think that the justice's court had jurisdiction of this case. The Civil Code, § 4068, declares that justices' courts shall have jurisdiction "in all civil cases arising ex contractu, and in cases of injuries or damages to personal property, where the principal sum claimed does not exceed one hundred dollars, and in cases where the debt has been larger and the balance due is not more than said amount." While the section of the code just quoted was in effect, a plaintiff sued for the recovery of a certain amount upon a promissory note. The amount exceeded $100, and the plaintiff attempted to confer jurisdiction upon the justice's court by voluntarily writing off so much of the principal debt due upon the promissory note as would reduce the claim to the justice's court jurisdiction, without consent of the defendant, and thereupon filed his suit against the defendant, claiming only $100 and interest. That case finally came to the Supreme Court and was here reviewed. *Cox* v. *Stanton,* 58 *Ga.* 406. Upon review, this court held that "a creditor can not bring his claim within the jurisdiction of a justice's court by entering a credit thereon without the consent of the debtor." In the case now under consideration, it affirmatively appears, from the allegations made by the plaintiff, that the demand is entire; that there was but one contract; that there was but one breach of that contract; that all of the damages claimed are alleged to flow from that breach. There had been no payment or satisfaction of any part of the debt so as to create a bona-fide reduction of the demand to an amount within the jurisdiction of the court. In the plaintiff's bill of particulars he wrote off a part of his demand (all of which he alleged was really

due) only for the purpose of giving jurisdiction. For the purpose of determining whether the amount involved exceeds the jurisdiction of the court, the allegations of the plaintiff as to amount of damage resulting from the several elements of damage claimed in the suit are to be treated as solemn admissions made in judicio, and are binding upon the plaintiff. His pleadings are to be construed most strongly against him. Under these conditions the plaintiff· has so presented his case as to eliminate all substantial distinction between this and the case cited, wherein this court held that it was not permissible to write off a part of his demand in order to confer jurisdiction. . Under these conditions we may safely rest this case upon the ruling made in *Cox* v. *Stanton,* supra. The attempt by the plaintiff to reduce the amount by disclaiming a part is no more than an attempt to make a gift to the defendant of a part. There can be no gift without an acceptance; and if the plaintiff himself had been insolvent he could not, even with acceptance by the defendant, make a gift of a part which would bind his creditors. Under the pleadings in this case, there was never an acceptance by the defendant of that part of the debt which the plaintiff attempted to give by reducing his claim. The offer to give was not made until the suit was filed, which was met at the threshold by the refusal of the defendant to accept, which is expressed by his objection to the jurisdiction. Had the defendant made such payments to the plaintiff as would have reduced the demand to a sum not exceeding $100, of course the question would be altogether different, and this under authority of the statute already quoted.