### TUTEN et al. v. CUDAHY PACKING COMPANY et al.

An affidavit which alleged that the affiant contracted with his employer "to clerk in his storehouse as a general clerk in selling goods and doing other things in and about the storehouse and place of business" of such

employer, at a named sum per month, did not show that he was a laborer, so as to authorize the foreclosure of a laborer's lien.

Submitted June 7,—Decided November 20, 1909.

Rule to distribute money.    Before Judge Parker.    Pierce superior court.    November 16, 1908.

*James R. Thomas,* for plaintiffs in error.

*Wilson, Bennett & Lambdin,* contra.

LUMPKIN, J.   The Cudahy Packing Company and others brought a rule against the sheriff to distribute money raised by the sale of the property of one Gilmore.   They claimed as creditors holding judgments and executions.   One Joseph Hirsch claimed under a foreclosure of a laborer's lien.   In the affidavit made by him for the purpose of foreclosing such lien he alleged that Gilmore was indebted to him in the sum $210, and that he based his claim of lien on the following facts: "That on the second day of April, 1908, he, deponent, did contract with defendant to clerk in his storehouse, as a general clerk in selling goods and doing other things in and about the storehouse and place of business of him the said Max Gilmore," at a stated salary per month; that he worked continuously under this contract; and "deponent further swears he has completed his contract of labor as aforesaid," and has made demand for payment since the debt became due.   On the hearing the other creditors objected and demurred to the claim of Hirsch, and to the execution issued in his favor under the affidavit above stated, on the ground that it did not show that he was a laborer, within the meaning of the statute, so as to be entitled to a lien. The objection was sustained, the claim of Hirsch dismissed, and the funds in the hands of the sheriff ordered to be distributed among the other creditors.   Hirsch excepted.

This case is substantially controlled by the decision in the case of *Oliver* v. *Macon Hardware Co.,* 98 *Ga.* 249 (25 S. E. 403, 58 Am. St. R. 300).   It was there held that primarily a clerk in a mercantile establishment is not a laborer in the sense in which that word is used in §1974 of the Code of 1895, declaring a lien in favor of laborers.   In that case an intervention was filed in an equitable proceeding.   The intervenor alleged that he was a clerk, that the amount claimed was due him for services and labor performed as a clerk, and that as such he performed manual labor.   It was dismissed on demurrer, and the judgment was affirmed.   The court

stated that if the contract of employment contemplated that the clerk's services were to consist mainly of work requiring mental skill, or business capacity, and involving the exercise of his intellectual faculties, rather than work the doing of which properly would depend upon a mere physical power to perform ordinary manual labor, he would not be a laborer; but if, on the other hand, the work which the contract required the clerk to do was, in the main, to be the performance of such labor as that last indicated, he would be a laborer. But the intervention was held to be subject to demurrer, as it "failed by other appropriate allegations to show to which of the classes above indicated he belonged." In the case before us, the allegation in the affidavit, made for the purpose of foreclosing the lien, that the affiant was employed "as a general clerk in selling goods and doing other things in and about the storehouse and place of business" of the employer, was insufficient to show that the affiant was a laborer and entitled to a lien. The statement that he was engaged as a general clerk in selling goods, standing alone, would not primarily indicate that the things which he did, or was employed to do, were of such a manual character as to make him a laborer within the meaning of the lien law. Nor was the additional statement that he was also employed in "doing other things" sufficient to show that the affiant was a laborer.

Most of the cases cited by counsel for plaintiff in error were discussed in the decision of the court in the case to which reference has been made above. The others do not change the principle there decided. *Judgment affirmed. All the Justices concur.*