### BELL v. J. B. WITHERS CIGAR COMPANY et al.

BELL, P. J. 1. In determining whether an employee is a laborer within the meaning of the law providing for laborers' liens, he is to be classified, not according to the arbitrary designation given to his calling, but with reference to the character of the services required of him under his contract of employment. If the services thus contemplated were to consist mainly of work requiring mental skill or business capacity, and involving the exercise of his intellectual faculties, rather than work the doing of which properly would depend upon mere physical power to perform ordinary manual labor, he would not be a laborer within the statute as to lien. If, on the other hand, the services to be performed under his contract were to consist mainly of manual labor, he would be a laborer within the meaning of such statute. *Oliver* v. *Macon Hardware Co.,* 98 *Ga.* 249 (2) (25 S. E. 403, 58 Am. St. R. 300); *Stothart* v. *Melton,* 117 *Ga.* 460 (43 S. E. 801); *Tabb* v. *Mallette,* 120 *Ga.* 97 (2) (47 S. E. 587, 102 Am. St. R. 78); *Tuten* v. *Cudahy Packing Co.,* 133 *Ga.* 509 (66 S. E. 249).

2. While the facts that the intervenor may have been employed as a pharmacist and as manager of a drug-store, and to do whatever was necessary to operate it, might not necessarily mean that he was not a laborer, yet the burden was on him to show that the general services thus contemplated by his oral contract of employment were to consist mainly of manual labor, and not merely that the services which he did perform consisted mainly of such labor. *Howell* v. *Atkinson,* 3 *Ga. App.* 58 (59 S. E. 316).

3. Whether the contract of employment as indicated above contemplated performance of all the manual services that were actually performed, was a question of fact, and under the evidence, a finding in favor of the lien was not demanded as a matter of law. Compare *Baker* v. *Richmond City Mill Works,* 105 *Ga.* 225, 227 (31 S. E. 426); *Jennings* v. *Stripling,* 127 *Ga.* 778 (3) (56 S. E. 1026). Accordingly, the judge trying the case by consent without a jury did not err in finding against the claim of the intervenor as a laborer; and this is true although he specifically found from the evidence that the manual services actually rendered predominated over all other services. In this view, it is unnecessary to pass upon the other questions raised. See *J. B. Withers Cigar Co.* v. *Kirkpatrick,* ante, 41.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*

No. 14494. APRIL 15, 1943.

*Sam G. Dettelbach* and *Augustine Sams,* for plaintiff in error.

*Benton E. Gaines, Noah J. Stone, Craighead, Dwyer & Lavender, Arnold S. Kaye, J. Herbert Johnson, A. A. Baumstark, MacDougald, Troutman & Arkwright, W. O. Slate,* and *John B. McCallum,* contra.