CITY OF DETROIT *v.* DETROIT, GRAND HAVEN & MIL-WAUKEE RAILWAY CO.

RAILROAD COMPANIES — OPENING STREET — DAMAGES — FLAGMAN — EVIDENCE.

> A view of the premises does not alone justify the jury in denying to a railroad company, in a proceeding to open a street across its track, indemnification for the expense of keeping a gateman or flagman at the crossing, where the undisputed opinion evidence, as well as the surroundings, conclusively shows that it will be necessary to keep such a gateman or watchman.

Appeal from recorder's court of Detroit; Chapin, J. Submitted February 11, 1897. Decided April 6, 1897.

Proceedings by the city of Detroit to open and extend Leland street across the tracks of the Detroit, Grand Haven & Milwaukee Railway Company. From an order confirming the award of damages, defendant appeals. Reversed.

*L. C. Stanley* (*E. W. Meddaugh*, of counsel), for appellant.

*C. D. Joslyn*, for appellee.

HOOKER, J.    In a proceeding to extend a city street across the appellant's railroad in the city of Detroit, it was claimed on behalf of the defendant that the opening of said street would necessitate a flagman and gates. Counsel for the city argued, in substance, that the jury were authorized to act upon their opinions based upon their view of the premises, in the exclusion of the testimony, or, at all events, that they must be "satisfied beyond reasonable doubt that there is an actual present necessity for gates at the crossing." The court instructed the jury that, if they "believed from the testimony that a gateman or flagman was necessary, the company should be awarded a sum which, at 6 per cent. interest, would produce an amount adequate to the payment of such expenses." It is evident that the jury did not award compensation for this item, and the defendant asks a reversal of the case upon this ground. The undisputed testimony shows that a flagman was necessary at the place, and that a sum equal to the interest upon $6,000, at 6 per cent., would be required to pay the expense thereof. The court refused to grant a motion for new trial. The jury viewed the premises.

The question for us to consider is whether the jury were authorized to disregard the undisputed opinion evidence, and the undisputed testimony as to the situation, viz.: That there were three tracks, upon which 42 regular trains, besides special trains, run daily; that the view of the track is hidden by houses and a high fence in close proximity to the track; that it is a thickly-settled and populous locality; and that, at two other crossings of the streets next adjoining this one, gates and flagmen have been kept for a long time. Counsel for the city contends, in effect, that the conclusions of the jury should not be

112 MICH.—20.

disturbed, inasmuch as the court instructed them that they must award the sum named "if they believed a gateway necessary." There was nothing that could justify such belief unless it was their view of the premises, and counsel for the city based his opposition to this item of damage on nothing else. Without saying that in no case would a view alone justify a jury in denying an item of damage when there was some evidence in support of it, we think that it does not in this case. The evidence is quite conclusive that public safety would require precautions for the safety of the public at this point, and the court might safely have told the jury so. That the view alone is not to be acted upon by the jury is settled in the case of *City of Grand Rapids* v. *Perkins*, 78 Mich. 93.

We think the verdict and judgment of confirmation are erroneous, and they are therefore set aside, and the cause remanded for a new trial.

The other Justices concurred.