## BONDS *v.* BROWN *et al.*

1. Where a question comes collaterally before a court, and a judgment is rendered in the case, and it does not appear except by inference from the judgment and the pleadings that the question collaterally made was actually passed upon, the judgment will not be conclusive on the trial of another case between the same parties involving the same question.
2. Jurors in passing upon the testimony of a witness who is called to give his opinion as to the value of certain land for rent are not absolutely bound by such opinion, but may exercise their own judgment on the subject, taking into consideration the nature and character of the property, and the purpose for which it was rented, and all other facts which legitimately appear tending to show the value of the property for rent during the time for which rent is claimed. On the trial of a case where one of the material issues involved is value of certain land for rent, and a witness is introduced who gives his opinion as to the value of the land for rent, it is erroneous for the judge to direct a verdict.

Argued May 6,—Decided November 17, 1909.

Equitable petition. Before Judge Spence. Baker superior court. August 28, 1908.

A statement of the pleadings and evidence appears in the report of the case when on a former occasion it was before this court upon exceptions to a judgment granting a temporary injunction. *Brown v. Bonds,* 125 *Ga.* 833 (54 S. E. 933). When the case came up for final trial in the superior court afterwards, the judge excluded all evidence offered by the plaintiff in support of her petition, and, over objection that the amendment stated no valid defense, allowed the defendant to amend her plea by alleging in substance that in the distress-warrant proceeding in the justice's court a judgment was rendered by the justice of the peace, based on the verdict of

the jury, and that in addition thereto a judgment nunc pro tunc based on the same verdict had been subsequently entered by the justice of the peace, and contending that the verdict and judgment obtained against Lou Bonds concluded her in the present case on the contention that she had not lawfully sold and absolutely conveyed the property in dispute to Mrs. Brown. After allowing the amendment, the judge, evidently regarding it as conclusive, heard evidence which related only to the plea of former adjudication and to the value of the land for rent, all of which was uncontradicted. The evidence admitted was substantially in accord with the recitals of the plea. After hearing the evidence the judge directed a verdict generally in favor of Mrs. Brown. Exception was taken to the rulings excluding the plaintiff's evidence, allowing the amendment to the defendant's plea, and directing a verdict for the defendant.

*A. S. Johnson* and *Benton Odom,* for plaintiff.

*Pottle & Glessner* and *Pope & Bennet,* for defendant.

ATKINSON, J. It will be unnecessary to consider any question except that which relates to the conclusiveness of the judgment in the justice's court. If it was conclusive, that would end the case; if not, the court on another trial will try the case on the other questions involved, and all proper evidence will probably be admitted. What has been stated as to a future trial of the case may be qualified, however, by what is stated in the second division of the opinion. It is provided in the Civil Code, § 4819, that "The party distrained may in all cases replevy the property so distrained, by making oath that the sum, or some part thereof, distrained for is not due; . . and in such case the levying officer shall return the same to the court having cognizance thereof, which shall be tried by a jury as is provided for in the trial of claims." In this case Lou Bonds undertook to resist a distress warrant sued out against her for the amount in dispute, by filing an affidavit reciting, among other things, "that the sum distrained for is not due, nor is she indebted to plaintiff in any sum whatever for rent. The defendant (Lou Bonds) further says that the said Mrs. C. G. Brown, who claims this rent to be due her, only holds a deed from her (Lou Bonds) the intention of which was made to secure a debt and not to prove title, and that she (Lou Bonds) has never yielded posses-

sion or promised in any manner to pay rent for her own property. Deponent may further add that she stands ready and willing to pay Mrs. Brown all legal demands that she holds against her." In the summary proceeding before the justice of the peace it was not necessary, to have decided in favor of Mrs. Brown, for the justice of the peace to have found that the deed executed by Lou Bonds was or was not merely a deed to secure a debt. The deed may have been of that character, and still the relation of landlord and tenant may have existed between them; and if that relation existed and there was rent due to Mrs. Brown, she would have been entitled to recover it. The distress-warrant proceeding was a statutory remedy under which nothing could have been recovered except rent, and no rent could have been recovered unless the relation of landlord and tenant existed. It was not necessary, therefore, to establish Lou Bonds' real interest in the land, but it would have been sufficient to defeat Mrs. Brown's claim for rent if the evidence failed to show that the relation of landlord and tenant existed between them. While the affidavit is a part of the pleadings and is to be construed most strongly against the pleader, we think, considered in its entirety, the reference made in the affidavit to the character of the deed which Lou Bonds had executed to Mrs. Brown, and the reference to the fact that Lou Bonds still owned the land, were no more than recitals of reasons or circumstances relied on as tending to establish the main contention of Lou Bonds, namely, that the relation of landlord and tenant did not exist. If, however, the questions relating to the character of deed or title to the land may have been included in the distress-warrant case, they were only collaterally involved. The verdict and judgment were general, and neither recites that any question relating to the effect of the deed or the ownership of the land was directly ruled on. If it could be said at all that such questions were actually ruled on, it could only be by inference, based on the argument that it was contended by Lou Bonds that she still owned the land and the deed which she executed to Mrs. Brown was intended merely as a security deed, and these were reasons she relied on as showing that she was not a tenant of Mrs. Brown. In passing upon the question of tenancy or no tenancy, the justice's court may or may not have ruled upon the collateral questions so made by Lou Bonds; and inasmuch as it was not essential in order to reach the decision which was made in the

justice's court to pass upon those questions, there is nothing to indicate conclusively that they were actually passed upon. In the case of *Evans* v. *Birge,* 11 *Ga.* 265-272, it was said: "It is very well settled, that a fact which has been directly tried and decided by a court of competent jurisdiction can not be contested again between the same parties or their privies in the same or any other court. A judgment, therefore, of a court of law or a decree in chancery is an estoppel to the parties thereto, and to those who are in privity with them. This is the rule. It is, however, carefully and strongly fenced. The judgment must relate to the same question, and must clearly decide it. If it came collaterally under consideration, or was only incidentally considered, there is no estoppel. And if the decision of the question is ascertained inferentially, by arguing from the judgment or decree and the pleadings in the case, there is equally no estoppel." In *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483), it was said: "Where a judgment is pleaded as an estoppel, the burden is upon the party relying upon the estoppel to sustain the plea by showing that the particular matter in controversy was necessarily or actually determined in the former litigation; and if it appear, from the record introduced in support of the plea, that several issues were involved in such litigation, and the verdict and judgment do not clearly show that this particular issue was then decided, before such plea can be sustained this uncertainty must be removed by extrinsic evidence showing that such matter was then decided in accordance with the contention of the party relying upon the plea." See also, in this connection, *Callaway* v. *Irvin,* 123 *Ga.* 344 (51 S. E. 477). In the case now under consideration, while the judgment in the justice's court related directly to the questions of landlord and tenant and the amount due for rent, and would conclude the parties on those questions, yet as the record of the summary proceeding before the justice of the peace fails to show specifically and with certainty that the other questions above referred to were decided before the justice of the peace, there is no view under which Lou Bonds could be concluded from now insisting that she has title and that her deed was only a security deed. It was insisted in the brief of counsel for the plaintiff in error that the justice of the peace was without jurisdiction to pass upon the questions under consideration, as they involved title to land. We will not consider whether a deci-

sion by the justice of the peace actually deciding such questions while only collaterally involved would be conclusive; for, as already pointed out, the record from the justice's court does not sufficiently show that those questions were actually decided.    But see in this connection *Dix* v. *Dix,* 132 *Ga.* 630 (64 S. E. 790).    The plea did not recite extrinsic facts, and there was no evidence of extrinsic facts tending to show that the questions referred to were actually decided in the justice's court, so as to bring the case within the rule announced in *Irvin* v. *Spratlin,* 127 *Ga.* 240 (55 S. E. 1037).    For the reasons indicated, we think that the amendment to the defendant's plea should have been stricken, and that the evidence was insufficient to conclude the plaintiff in the present suit, and that the judge erred in directing a verdict for the defendant.

2.    It was urged that the judge ought not to have directed a verdict.    If the case should go to another trial, it is probable that this question may again arise; and in addition to what has been said in the foregoing division of the opinion we deem it proper to refer to the right of the judge to direct a verdict.    The evidence relied on to show the reasonable value of the rent of the land was mere opinion evidence, and such questions are always to be determined by the jury, and a verdict ought not to be directed where such evidence is involved.    See, in this connection, *Jennings* v. *Stripling,* 127 *Ga.* 778 (56 S. E. 1026), and cases cited.

*Judgment reversed.    All the Justices concur.*