## GRAHAM v. GRAHAM.

ATKINSON, J. 1. If a party is sued at law and has a legal defense, he must avail himself of it at law pending the suit, and can not afterwards ask for relief, unless he was prevented from so pleading his defense by fraud, accident, or the act of the adverse party, unmixed with negligence on his part. *Thomason* v. *Fannin*, 54 *Ga.* 361 (2). See also Civil Code, § 4585; *Pollock* v. *Gilbert*, 16 *Ga.* 398 (60 Am. D. 732); *Moore* v. *Gill*, 43 *Ga.* 388; *Brown* v. *Boynton*, 69 *Ga.* 754; *McCall* v. *Fry*, 120 *Ga.* 661 (48 S. E. 200).

(a) Accordingly, in an action of complaint for land by one claiming title under a deed, a copy of which had been established in a proceeding under the Civil Code, §§ 4191, 5314 et seq., against one who had been a defendant in such proceeding, and who claimed from the same grantor by virtue of a deed executed subsequently to the date of the alleged lost original, a duly certified transcript of the record of the superior court, including the pleadings and judgment establishing a copy of the deed in lieu of the alleged lost original, was admissible in evidence over the objection that the grantor was not a party to the action, and was not served, and that the defendant in the action of complaint for land was an improper party in the statutory proceeding to establish a copy of the lost deed, it appearing that the grantor had died, that there was no administration upon the estate, and that all the heirs at law of the grantor, including the defendant in the action for land, were made parties and duly served.

(b) Nor was it error to exclude evidence offered by the defendant, which purported to go behind the judgment establishing a copy of the lost deed, and tended to show that the grantor signed, but did not deliver, the alleged lost deed, and that a, warranty deed was executed by the same grantor, conveying the same property to the defendant, subsequently to the signing of the alleged lost deed; it further appearing from such testimony that the defendant had full notice of the fact that the grantor had signed the alleged lost deed before the execution of the deed under which the defendant claimed.

2. Jurors are not absolutely bound by the opinions of witnesses as to the rental value of land for the recovery of which an action is brought. *McCarthy* v. *Lazarus*, ante, 282 (73 S. E. 493). The trial judge therefore erred in directing a verdict for mesne profits in accordance with the opinion of witnesses as to the rental value of the premises.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*
FEBRUARY 27, 1912.

Complaint for land. Before Judge Meadow. Madison superior court. November 2, 1910.

Alexander Graham instituted complaint for land against Mary A. Graham. The defendant admitted possession, but denied the plaintiff's title. By amendment to her plea, the defendant set up: that she and the plaintiff were brother and sister, and the plaintiff claimed title under a pretended deed which was signed by Mary E.

Graham, their mother; that the consideration of the deed was a promise of the plaintiff to live with and support his mother for the rest of her life, and bury her when dead; that after the deed was signed it was never delivered, and the plaintiff refused to live with and support his mother, and, in the presence of defendant, told her he would not support her or have anything to do with the property, and moved away; whereupon the mother destroyed the deed; that afterwards a similar proposition was made by the mother to the defendant, which being accepted, a warranty deed was executed and delivered to her, conveying the property, and she fully performed the contract, and by virtue of the deed became the owner of the land. On the trial the plaintiff offered in evidence the record of a proceeding in the superior court, to establish a lost deed, wherein the same Alexander Graham was plaintiff and Mary A. Graham and other named persons were defendants, instituted after the death of Mary E. Graham. The petition therein alleged that the defendants "and petitioner are the only heirs at law of said Mary E. Graham, deceased, being the children of said Mary E. Graham, deceased, all of whom are more than twenty-one years of age, and being all that are in any wise interested in any property or estate that the said Mary E. Graham may have died seized and possessed of, there being no representative of said deceased; and all the heirs being more than twenty-one years of age, this suit is brought against them." A rule nisi was issued by the clerk, calling on the defendants to show cause at the next ensuing term, why the copy of the alleged lost deed (which purported to be a warranty deed) should not be established as prayed. The return of the sheriff showed that each of the defendants was served personally. At the term to which the rule was returnable, the judge passed an order reciting: "A rule nisi having been duly served, and no good and sufficient cause shown why a rule absolute should not be granted, it is ordered that the copy deed attached to said petition be and the same is hereby established in lieu of the lost or destroyed original. Let the clerk of this court furnish the established copy to petitioner with a certified endorsement thereon of the term when this rule absolute was granted," etc. The defendant objected to the admission of this record, upon the grounds: (a) that the legal representative of Mary E. Graham, the grantor, was not made a party nor served; and (b) that Mary A. Graham was not a proper

party to such proceeding. The objection was overruled, and the record of the proceedings admitted in evidence. The plaintiff introduced also evidence to the effect that the land described in the copy deed so established was the land in controversy, and that it was reasonably worth for rent $75 a year for the three years next succeeding the execution of the defendant's deed.

The defendant introduced her deed in evidence, and testified in substance as alleged in her plea; but all of her testimony was ruled out on motion of the plaintiff, whose objections were: (a) that the deed from Mary E. Graham to the plaintiff passed the title to the land; and if he failed to maintain and support her during her life, and to bury her after her death, such failure did not affect his title; (b) that if the defendant carried out her contract with Mary E. Graham, it would not affect the plaintiff's title; (c) that the defendant by her testimony sought to attack a regularly established copy of a deed executed by Mary E. Graham to the plaintiff, when the defendant was a party to the proceeding to establish the copy, and was bound by the judgment therein; and she was therefore estopped. The court directed a verdict in favor of the plaintiff "for the premises in dispute, and seventy-five dollars per year for three years, as mesne profits, with costs of suit." The defendant excepted to each of the rulings before stated.

*J. F. L. Bond* and *Worley & Nall,* for plaintiff in error.
*Berry T. Moseley* and *John J. Strickland,* contra.