## SOUTHERN RAILWAY COMPANY *v.* LOWE.

1. So much of Civil Code, § 2778, as provides for a penalty upon common carriers for failure to pay and adjust claims for loss or damage to property or overcharge for freight within a specified time, is not violative of the due-process clause of the constitution of this State.
2. That portion of Civil Code, § 2778, referred to in the preceding note, is not violative of that provision of the constitution of this State which guarantees to a person the right to prosecute or defend his own cause in the courts of this State.
3. In an action for the recovery of the value of goods, the parties being at issue on the subject, and the only evidence as to value being the opinion of a witness, it is error to direct a verdict.

JANUARY 15, 1913. REHEARING DENIED JANUARY 25, 1913.

Action for damages. Before Judge Fite. Whitfield superior court. October 10, 1911.

O. R. Lowe instituted suit against the Southern Railway Company for the value of certain personal property contained in a box shipped from Cohutta, Georgia, over the lines of the defendant railway company as a common carrier and its connecting carriers, to Oklahoma City, Oklahoma. In addition to the value of the goods, the plaintiff also sought to recover a penalty of fifty dollars, as provided for in the Civil Code, § 2778. By demurrer the defendant attacked the constitutionality of so much of the statute above mentioned as provided for the collection of a penalty; and also filed an answer which, among other things, when considered in connection with the petition, formed an issue as to the value of

the property. The judge overruled the demurrer, and at the conclusion of the evidence directed a verdict for the plaintiff, and judgment was entered accordingly. The defendant excepted.

*Maddox, McCamy & Shumate* and *George G. Glenn,* for plaintiff in error. *M. C. Tarver,* contra.

ATKINSON, J. The Civil Code, § 2778, declares: "Every claim for loss or damage to property, or overcharge for freight, for which any common carrier may be liable, shall be adjusted and paid by such common carrier within sixty days in cases of shipments wholly within this State, and within ninety days in cases of shipments between points without and points within this State, after such claim, duly verified by the oath of the claimant or his agent, shall have been filed with the agent of the initial carrier, or with the agent of the carrier upon whose line the loss or damage or overcharge actually occurred. In the event such claim is not adjusted and paid within the time limited, the carrier shall be liable for interest thereon at the legal rate from the date of the filing of the claim until the payment thereof, and shall also be liable for a penalty of fifty dollars for every such failure to adjust and pay said claim, to be recovered by the party damaged in any court of competent jurisdiction: Provided, that unless such claimant shall in such action recover the full amount claimed, no penalty shall be recovered, but the recovery shall be limited to the actual loss or damage or overcharge, with interest thereon from the date of filing said claim." So much of this statute as provides for the collection of a penalty was attacked as being violative of art. 1, sec. 1, pars. 3 and 4, of the constitution of this State, the former of which provides, "No person shall be deprived of life, liberty, or property, except by due process of law," and the latter, "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both."

1. A statute of South Carolina provided: "Sec. 2. That every claim for loss or damage to property while in the possession of such common carrier shall be adjusted and paid within forty days in case of shipments wholly within this State, and within ninety days in case of shipments from without this State, after the filing of such claim with the agent of such carrier at the point of destination of such shipment: Provided, that no such claim shall be filed until after the arrival of the shipment or of some part

thereof at the point of destination, or until after the lapse of a reasonable time for the arrival thereof. In every case such common carrier shall be liable for the amount of such loss or damage, together with interest thereon from the date of the filing of the claim therefor until the payment thereof. Failure to adjust and pay such claim within the periods respectively herein prescribed shall subject each common carrier so failing to a penalty of fifty dollars for each and every such failure, to be recovered by any consignee or consignees aggrieved in any court of competent jurisdiction: Provided, that unless such consignee or consignees recover in such action the full amount claimed, no penalty shall be recovered, but only the actual amount of the loss or damage, with interest as aforesaid: Provided, further, that no common carrier shall be liable under this act for property which never came into its possession, if it complies with the provisions of section 1710, vol. 1, of the Code of Laws of South Carolina, 1902." In the case of Seaboard Air-Line Railway *v.* Seegers, 207 U. S. 73 (28 Sup. Ct. 28, 52 L. ed. 108), in dealing with that statute, which was attacked as violative of the fourteenth amendment to the constitution of the United States, relative to equal protection and due process of law, the court approved a construction of the statute declared in Best *v.* Seaboard Air-Line R. Co., 72 S. C. 479 (52 S. E. 223), where it was said: "The object of the statute was not to penalize the carrier for merely refusing to pay a claim within the time required, whether just or unjust, but the design was to bring about a reasonably prompt settlement of all proper claims, the penalty, in case of a recovery in court, operating as a deterrent of the carrier in refusing to settle just claims, and as compensation of the claimant for the trouble and expense of the suit which the carrier's unreasonable delay and refusal made necessary." And having so construed it, the court held the statute, relatively to intrastate shipments, not violative of the fourteenth amendment; citing, among others, the case of Fidelity Mutual Life Ins. Assn. *v.* Mettler, 185 U. S. 308 (22 Sup. Ct. 662, 46 L. ed. 922), in which a like ruling was made in regard to a somewhat similar statute of the State of Texas. Construing the statute now under consideration according to the construction given the South Carolina statute, and giving due weight to the provision of the Georgia statute prohibiting the collection of a penalty unless upon a trial in a court

having jurisdiction the plaintiff should recover the full amount of the ante lite claim presented to the carrier, under provisions of the statute, it can not be said that the statute is violative of the due-process clause of the constitution of this State, above quoted.

2. In *Harp* v. *Fireman's Fund Insurance Co.*, 130 *Ga.* 726 (61 S. E. 704, 14 Ann. Cas. 299), Civil Code, § 2140, was attacked as violative of the provision of the constitution above quoted, in regard to the right of a person to prosecute or defend, etc. That statute was different from the one now under consideration in other respects, but there was no difference in so far as it might involve the constitutional right of a person to prosecute or defend his cause in any of the courts of this State. The act was held not violative of that provision of the constitution.

3. On the trial of the case, at the conclusion of the evidence, the judge directed a verdict in favor of the plaintiff for the alleged value of the property, with interest, and the statutory penalty. The only evidence as to value of the goods consisted of the opinion of a witness. Evidence of that character is not conclusive on the question, and it was error for the judge to direct a verdict. *Martin* v. *Martin*, 135 *Ga.* 162 (68 S. E. 1095); *Graham* v. *Graham*, 137 *Ga.* 668 (74 S. E. 426).

*Judgment reversed. All the Justices concur.*