7708. JOHNSON v. STEVENS.

BROYLES, P. J. 1. The increase of all animals follow the condition of the mother and belong to the owner of the mother at the time of birth. Civil Code, § 3651. Under this section of the code the plaintiff was entitled to recover not only the bitch which was wrongfully taken from his possession, but also the puppies afterwards born of her.

2. Jurors are not absolutely bound by opinion testimony as to the value of property sued for, although such testimony may not be contradicted by any other evidence in the case. *Jennings* v. *Stripling*, 127 *Ga.* 778 (56 S. E. 1026); *Bonds* v. *Brown*, 133 *Ga.* 451 (66 S. E. 156); *Martin* v. *Martin*, 135 *Ga.* 162 (68 S. E. 1095; *Graham* v. *Graham*, 137 *Ga.* 668 (74 S. E. 426); *McCarthy* v. *Lazarus*, 137 *Ga.* 282 (73 S. E. 493); *Southern Ry. Co.* v. *Lowe*, 139 *Ga.* 362 (77 S. E. 44); *Morris Storage Co.* v. *Wilkes*, 1 *Ga. App.* 751 (58 S. E. 232); *Minchew* v. *Nahunta Lumber Co.*, 5 *Ga. App.* 154 (62 S. E. 716). In this case the sole evidence as to the value of the property sued for was the following testimony given by the plaintiff: "The said dog and puppies

were mine; said property was worth $50; *and the reason I say they are worth $50 was that I gave a $25 watch for the bitch."* This testimony amounted to nothing more than that in the opinion of the witness $50 was the value of the dog and her puppies. The question as to their value should have been submitted to the jury, and the trial judge erred in directing a verdict for the plaintiff for $50.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*
DECIDED JANUARY 23, 1917.

Trover; from city court of Americus—Judge Harper. June 7, 1916.

*L. J. Blalock,* for plaintiff in error. *Wallis & Fort,* contra.