## FORDHAM v. HICKS.

(District Court, S. D. Georgia, W. D. March 20, 1917.)

1. SPECIFIC PERFORMANCE ⬤⟹121(5)—RIGHT TO—EVIDENCE—SUFFICIENCY.

On a bill for specific performance of a parol contract for the sale of land, evidence *held* to show that complainant had made partial payments and had been admitted into possession, and also improved the land, and hence was entitled to specific performance under Park's Ann. Civ. Code Ga. § 4634, declaring that specific performance of parol contract to convey land may be decreed, where there has been a full payment alone, or a partial payment accompanied by possession, or possession alone with valuable improvements.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 388.]

2. JUDGMENT ⬤⟹739—CONCLUSIVENESS—MATTERS CONCLUDED.

A judgment of the city court on a distress warrant for rent, rendered against complainant, who under a parol contract for the purchase of land was admitted into possession and paid most of the purchase price, does not, the proceeding being collusive, estop complainant from obtaining spe-

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cific performance of the contract; the city court having no jurisdiction, under Park's Ann. Civ. Code Ga. § 6510, to pass on title to land, for a judgment of a court of law or decree in chancery is an estoppel only as to matters directly decided, and not as to those incidentally considered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1105, 1267.]

In Equity. Bill by J. H. Fordham against T. B. Hicks. Decree for complainant.

See, also, 224 Fed. 810.

Robert L. Berner, of Macon, Ga., for complainant.
Akerman & Akerman, of Macon, Ga., for respondent.

SPEER, District Judge. This is a bill for specific performance of a parol contract for the sale of land. It is brought by a colored man, J. H. Fordham, who was formerly a citizen of Laurens county, in this state, but who has since become a citizen of Arkansas. The land involved consists of 100 acres, in close proximity to the city of Dublin. The purchase price agreed upon at the date of the sale was $1,000, but, owing to the rapid increase in the value of such lands and the improvements thereon made by the plaintiff, he and several disinterested witnesses testify in effect that its value is $3,500 or $4,000. The defendant, T. B. Hicks, is a citizen of Laurens county, in this district.

[1] The law of Georgia, which will control this controversy, is found in section 4634 of Park's Annotated Code:

"The specific performance of a parol contract as to land will be decreed," where there has been "full payment alone, accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved in each case to be done with reference to the parol contract."

It is not in fair dispute that the plaintiff went into possession of the land in 1892, but the contract of sale under which he claims was made in 1897. It was for $1,000, to be paid in annual installments of $120. The plaintiff insists that he has paid the purchase price, and, on demand of the defendant, has tendered him $104 in excess thereof. This Hicks refused, and has also refused to execute the deed. It is also not in dispute that since 1892 the plaintiff has paid all taxes on the land. The proof is equally satisfactory that the plaintiff, prior to 1897, erected upon the land two dwelling houses, a corncrib, and a smokehouse, and cleared about 50 acres, and since that time has erected a wire fence around about one-half of the place. When he first took possession of the place, only 8 or 12 acres were suitable for cultivation. Since 1897 he has cleared up the remainder of the land, except 5 acres. It is true that the defendant claims that some of these improvements were paid for by the sale of cross-ties cut from the land. It is, however, difficult for the court to accept this defensive explanation. It is scarcely credible that the plaintiff would have performed the amount of labor made necessary by these improvements on the land of another, and for the benefit of that other. Nor does Hicks, the defendant, who claims that the plaintiff was his tenant, state anywhere that he either authorized or directed the improvements and the work necessary to their completion. The fact that they were made, considered in connection with

the payment of the purchase price, is deemed by the court, as clearly shown to be, a compliance with the Georgia statute quoted above, and done with reference to the parol contract. This, too, is borne out by certain receipts in evidence given to the plaintiff by the defendant, or by his authority. They are as follows:

"$10.00.                                          Dublin, Georgia, 3/26/1904.
  "Received of J. H. Fordham ten dollars, part of purchase money for land sold him, for which bonds, etc., are to be executed.    [Signed]   T. B. Hicks.
  "Witness: T. H. Rowe."

                                      "Dublin, Georgia, Oct. 29, 1904.
  "Received of J. H. Fordham $80.00 rent for this year, and also received of him $20.00 (twenty dollars), to be applied to the purchase price, when bond in compliance with trade is consummated.    [Signed]   T. B. Hicks."

"$60.00.                                          Dublin, Georgia, Nov. 16, 1905.
  "Received of J. H. Fordham sixty dollars, to be applied on purchase price.
                                          "[Signed]   T. B. Hicks.
                                                    "M. J. H."

It is true that the defendant Hicks contends that the plaintiff held the land simply as his tenant. The evidence, however, preponderates to show that this is not true. The testimony of Fordham, the plaintiff, seems consistent and truthful. T. J. Perry, a witness for the plaintiff, was entirely disinterested. He is a white citizen of Laurens county. He testified that in 1903 or 1904 Mr. Hicks told him that Fordham owed him something like $275 or $300, as a balance on the land. J. B. Veal, equally disinterested, testified that in 1908 Hicks told him that he had sold the land to Fordham. The third witness was E. P. Rentz. He was a railroad man, seeking to purchase a right of way through the land. He made inquiry of Hicks, with the view of ascertaining where the title was, and Hicks told him he had sold the land to Fordham, and that Fordham still owed him a small balance. There is no doubt from the evidence that the parol contract of sale was made as insisted upon by the plaintiff in his bill. It is true that the issue presented by this bill was tried on another proceeding in Laurens county, and that there was a verdict for the defendant; but so inimical was the verdict to the principles of law and equity involved that the court there granted a new trial. While this was pending, the plaintiff dismissed his bill and brought it anew in this court. A motion to dismiss here has been overruled, for reasons stated in the opinion of the court filed on the 10th day of August, 1915, to which reference is here especially made.

[2] It is also claimed that the plaintiff is estopped by the judgment of the city court in Dublin on a distress warrant for rent in 1908. It seems, however, that this proceeding was collusive. Even if this be not true, it does not appear that the distress warrant was defended, or that any issue was made as to the title. Indeed, the city court, from which it issued, would have no jurisdiction to pass upon title to land. Park's Annotated Code, § 6510. And said the Supreme Court of Georgia, in Bonds v. Brown, 133 Ga. 454, 66 S. E. 157, which was the case of a judgment on a distress warrant pleaded as an estoppel:

  "A judgment, therefore, of a court of law, or a decree in chancery, is an estoppel to the parties thereto, and to those who are in privity with them.

240 F.—48

This is the rule. It is, however, carefully and strongly fenced. The judgment must relate to the same question, and must clearly decide it. If it came collaterally under consideration, or was only incidentally considered, there is no estoppel."

On the whole, the court is convinced that the preponderance of the evidence so clearly entitles the plaintiff to the relief in equity sought by this bill that it must be granted. While the evidence also preponderates to show that the plaintiff has paid the entire sum of the purchase price due under the parol contract, yet, because he has tendered to the defendant a final payment of $104, he will be held liable therefor, and the decree will so provide.