### 10403.   BIRMINGHAM PAPER COMPANY. *v.* HOLDER.

1. The telegrams and letters set out in the petition constituted a binding contract of sale.
2. The statement that the shipment would be made "as soon as possible" meant within a reasonable time, and was not so indefinite as to render the contract unenforceable, it being also stated that it would be 60 days before shipment could be made.

3. The contract was not unenforceable because of failure to state whether the sale was for cash or on credit. The petition alleges that the sale was made with reference to a general custom to allow sixty-days credit.

4. The general demurrer to the petition was properly overruled.

5. The measure of damages being the difference between the contract price of the paper sold and its market value at the time and place at which it should have been delivered, and the only testimony as to market value being merely in the nature of opinion, the amount of damages was a jury question, and the court erred in directing a verdict for the plaintiff.

DECIDED DECEMBER 23, 1919.

Action on contract; from city court of Valdosta—Judge Cranford. January 24, 1919.

*Dan. R. Bruce,* for plaintiff in error.

*Patterson & Copeland,* contra.

SMITH, J. The Valdosta Paper Company on September 18, 1916, inquired by wire of the Birmingham Paper Company its best price for "King George" paper, f. o. b. Hartsville. Reply was made on that date by the Birmingham Paper Company that the best price "King George" paper was "five seventy five mill." Thereupon and on the same day the Valdosta Paper Company addressed to the Birmingham Paper Company a letter saying, "in accordance with your wire of this date you may enter our order" for 150 rolls of "King George" paper at 5-3/4. On the same date the Birmingham Paper Company wrote to the Valdosta Paper Company as follows: "We wired you this morning price of 5-3/4 per pound on 'King George' f. o. b. mill. As we wrote you on August 28th, the mill is considerably behind, and it would be possibly sixty days before we could make shipment should you send us your order. Prices continue to go higher." On September 20, 1916, the Valdosta Paper Company acknowledged receipt of the above letter and stated that if it would be sixty days before shipment could be made, the same would be satisfactory, and at the same time ordered 150 rolls more of the same grade of paper. The Birmingham Paper Company agreed to ship each of the orders, stating that it would ship "as soon as possible."

1. The petition, which set out the above facts, alleged a valid and binding contract, and was sufficient to withstand a general demurrer, since it not only showed that the offer of the seller was accepted by the purchaser unequivocally, unconditionally, and without variance, but also showed a mutual assent of the parties to the same thing in the same sense.

2. The time agreed upon for the delivery of the paper was not so vague and indefinite as to render the entire contract unenforceable, since the correspondence between the parties showed that the seller stated in one place that it would be 60 days before shipment could be made, and in another place stated shipment would be made as soon as possible. The term "as soon as possible" means within a reasonable time, the circumstances of the case considered.

3. Although in the contract no terms were agreed upon as to whether the paper was sold for cash or on credit, this fact did not render the contract unenforceable, as the petition alleged, in addition to the facts already stated, that the paper was purchased with reference to a general custom wherein 60-days credit was allowed.

4. The court therefore did not err in overruling the general demurrer.

5. The measure of damages in this case was the difference in the price at which the paper was sold and its market value at the time and place it should have been delivered; and on the trial the only evidence submitted as to the market value of the property involved being that of the plaintiff, which was in the nature of opinion evidence merely (Civil Code, § 5875; *Finleyson* v. *International Harvester Co.*, 138 *Ga.* 247 (2), 75 S. E. 103), the court erred in directing a verdict for the plaintiff on this issue. The amount of damage, if any, to the plaintiff was purely a jury question. The question as to the value of an article is peculiarly for the jury. Jurors are not absolutely bound to accept as correct the opinion or estimate of a witness as to the value of property, although such testimony may be uncontradicted, but have the right to consider the nature of the property involved, together with any other fact or circumstance throwing light upon the question properly within their knowledge, and they may by their verdict place a lower value upon the property than that stated by the opinion or estimate given in evidence. *Ga. Northern Ry. Co.* v. *Battle*, 22 *Ga. App.* 665 (97 S. E. 94).

6. The other grounds of the amendment to the motion for a new trial are without substantial merit, and the judgment is reversed solely for the reasons given in the last preceding paragraph.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*