## 18536. BROWN *v.* TRANSCONTINENTAL GAS PIPE LINE CORP.

Argued April 13, 1954—Decided May 11, 1954.

*Joseph J. Gaines*, for plaintiff in error.

*Moise, Post & Gardner, William H. Davidson, Jr.*, contra.

SUTTON, Justice. 1. One question for determination is whether the evidence adduced at the interlocutory hearing was sufficient to have authorized the grant of an injunction. It is insisted by the defendant in error that it is a public-service common-carrier corporation engaged in interstate commerce for the purpose of distributing natural gas and operating under a certificate of public convenience and necessity from the Federal Power Commission, and therefore could not be enjoined from further discharging the odorizing if the pumping station was constructed and operated in a proper manner.

While it was held in *Georgia R. & Bkg. Co.* v. *Maddox,* 116 *Ga.* 64 (4) (42 S. E. 315), that, where a railroad terminal yard is located and its construction authorized under the statutory powers, if it be constructed and operated in a proper manner, it can not be adjudged a nuisance on account of injuries and inconveniences to persons residing near such a yard, from noises of locomotives, smoke, cinders, soot, and the like, which result from the ordinary and necessary use and operation of such a yard—still, it was also held that "a railroad terminal yard, though authorized by statute, may become a nuisance by improper construction or by subsequent improper operation."

This court has also held that, while an airport is not a nuisance per se, it might nevertheless become such from the manner or place of its construction or from the manner of its subsequent operation. *Thrasher* v. *City of Atlanta,* 178 *Ga.* 514 (2) (173 S. E. 817); *Delta Air Corp.* v. *Kersey,* 193 *Ga.* 862 (3) (20 S. E. 2d 245, 140 A.L.R. 1352); *Elder* v. *City of Winder,* 201 *Ga.* 511 (2) (40 S. E. 2d 659). See also *Warren Company* v. *Dickson,* 185 *Ga.* 481 (3), 483 (195 S. E. 568).

In the present case the petitioner alleged that the defendant was negligent in failing to seal up the leaks around the pipes from which the gas was escaping. The petitioner deposed: that odorizing gas is escaping from leaks around pipe joints, odorizing equipment, tanks, valves, and filler caps; that the defendant was informed of this condition three times by petitioner before

the action was instituted, and it failed to correct the situation, and the defendant has been negligent about stopping the escape of the odorizing gas; that the defendant has worked on the pumping station since the suit was filed, but the condition is the same as it was before and the air over petitioner's home is still being polluted and contaminated by the odorizing gas. The evidence of the defendant discloses that it originally installed equipment which proved to be defective, but that all the wick-type odorizers were converted into pressure-type odorizers, and that the joints were welded where there was any possibility of the odorant escaping; also that, at the time of the trial, these odorizers had been operating for several months with no trace of a leak of any kind and the installations as now constituted are the best that the defendant has been able to obtain or devise.

The petitioner was not contending that the pumping station was a nuisance per se, but that the defendant was negligent in allowing odorizing gas to escape from its station, which constituted a nuisance. Under the pleadings and the evidence, a finding in favor of the defendant was not demanded, but on the contrary the trial judge could, in the event he had believed the evidence of the petitioner, have enjoined the defendant from negligently allowing the odorizing gas to escape. Compare Transcontinental Gas Pipe Line Corp. v. Gault, 198 Fed. 2d 196, where a judgment enjoining the defendant from operating a compressor-gas station in such manner as to constitute a nuisance was affirmed.

It therefore becomes necessary under the record in this case to pass upon the question of whether the fact that the trial judge personally visited the area in the vicinity of the plant of the defendant, without the consent of the parties, requires a reversal of his judgment denying an interlocutory injunction.

2. In Atlantic &c. Ry. Co. v. Mayor &c. of Cordele, 125 Ga. 373 (4) (54 S. E. 155), after an application for injunction had been heard involving the question of whether the required change in position of certain railroad tracks was in fact for the convenience and welfare of the public, or only for the benefit of another corporation, the trial judge stated in his order refusing to grant an injunction, that he heard evidence and argument,

and also that "this order [is] granted after a personal inspection and observation of the tracks and surroundings of the street crossing and tracks involved." It was there held: "It thus appearing that the judge's personal inspection and observation were made an integral part of his judgment, and it not appearing that this was done with the consent of counsel or parties, the judgment will be reversed, with direction that the case be heard upon the evidence which may be introduced, unless inspection by the judge as part of the proceedings be had with the consent of both parties." That case is directly in point and is controlling of this question in the present case.

While it is the law of this State that a trial judge may permit the jury to view the premises, with or without the consent of the parties, whenever in the discretion of the trial judge a view of the premises would aid the jury to understand better the evidence (*County of Bibb* v. *Reese,* 115 *Ga.* 346 (3), 41 S. E. 636; *Central of Ga. Ry. Co.* v. *Dukes,* 134 *Ga.* 588 (3), 68 S. E. 321; *Linder* v. *Brown,* 137 *Ga.* 352 (2), 73 S. E. 734; *Moore* v. *Macon Coca-Cola Bottling Co.,* 180 *Ga.* 335 (1), 178 S. E. 711; *Jones* v. *F. S. Royster Guano Co.,* 6 *Ga. App.* 506 (4), 65 S. E. 361; *Shahan* v. *American Telephone &c. Co.,* 72 *Ga. App.* 749 (2), 35 S. E. 2d 5; *State Highway Department* v. *Peavy,* 77 *Ga. App.* 308 (5), 48 S. E. 2d 478), still, the ruling in *Atlantic &c. Ry. Co.* v. *Mayor &c. of Cordele,* supra, requires that the present judgment, stating "after consideration of the evidence and after personally visiting the area in the vicinity of the plant of defendant, it is ordered that interlocutory injunction be and it is hereby denied," be reversed with direction that the case be heard upon the evidence which may be introduced, unless inspection by the judge as part of the proceedings be had with the consent of both parties.

The request of counsel for defendant in error to review and and overrule the decision in *Atlantic &c. Ry. Co.* v. *Mayor &c. of Cordele,* supra, is denied.

*Judgment reversed with direction. All the Justices concur.*