### 19417. STATE HIGHWAY DEPARTMENT OF GEORGIA *v.* ANDRUS *et al.*

MOBLEY, Justice. This case is before this court upon the grant of a petition for certiorari from the Court of Appeals. *Andrus* v. *State Highway Dept.,* 93 *Ga. App.* 827 (93 S. E. 2d 174). After a careful consideration of the two issues presented in the petition, it is our opinion that the decision of the Court of Appeals is correct. The decision of that court in division two of its opinion requires no elaboration by this court.

In division three of its opinion, the Court of Appeals held that the trial court erred in charging the jury on the subject of consequential benefits where the jury viewed the premises, but where no evidence was presented upon the trial as to the amount of consequential benefits. From the record it appears that, while there was evidence that there would be consequential benefits to the remaining property after the condemnation, there was no evidence whatever as to the amount of consequential benefits. The question presented in this case is whether the jury, who viewed the premises, would be permitted to fix the amount of consequential benefits solely from their own knowledge and experience and from information acquired by them in viewing the premises. We are unable to find where this court has ever directly passed on this question.

Under the English common law, the presiding judge in real and mixed actions was authorized, in his discretion, to permit the jury to view the premises. See 1 Thompson on Trials, 665, § 875 et seq. In 1705, an English statute was enacted which extended the view to all civil actions. 4 Anne ch. 16, § 8. This statute, known as the Statute of Anne, provided that the jury could view the premises in the discretion of the trial court, "in order to their better understanding the evidence that will be given upon the trial of such issues." By our adopting statute of February 25, 1784, such of the common and statute laws of England as were usually in force in this State on May 14, 1776, were adopted as the law of Georgia so far as they were not contrary to the Constitution, laws, and form of government established in this State. Cobb's New Digest, 1851, p. 721. In *Moore* v. *Macon Coca-Cola Bottling Co.,* 180 *Ga.* 335, 337 (178 S. E. 711), this court cited the statute of Anne and other English and American authorities on this subject, and held that it was within the discretion of the trial court to permit the jury to view the premises, it appearing "from the defendant's motion that a view of the premises and machinery would aid the jury to better understand the testimony of the witnesses as to the kind and nautre of the machinery used by the defendant and the method used by it in bottling such Coca-Cola."

In *Brown* v. *Transcontinental Gas Pipe Line Corp.*, 210 *Ga.* 580, 585 (82 S. E. 2d 12), it was stated: "While it is the law of this State that a trial judge may permit the jury to view the premises, with or without the consent of the parties, whenever in the discretion of the trial judge a view of the premises would aid the jury to understand better the evidence"; but the trial judge was not authorized to himself view the premises without the consent of the parties and thereafter base his judgment upon the evidence and a view of the premises.

The jury certainly may apply to the testimony the knowledge obtained by them in seeing the property involved, and may use their knowledge in construing the evidence. But where no evidence is introduced before the jury, can the jury render a verdict based solely upon their own knowledge and experience and information gained by them in viewing the premises? Code § 110-108 provides: "A juror shall not act on his private knowledge respecting the facts, witnesses, or parties, unless sworn and examined as a witness in the case." In *Gibson* v. *Carreker*, 91 *Ga.* 617 (2), 620 (17 S. E. 965), it was held: "It was error to charge the jury that in ascertaining the value of the land at the time of the breach, [of a bond to convey land] they might consider not only the evidence, but their own knowledge as to the value of land in the country." And in the opinion the court stated: "It was certainly error to charge the jury that, in ascertaining the value of the lands at the time of the breach of the bonds, they might consider not only the evidence, but their own knowledge as to the value of land in the country. Juries should decide questions of fact according to the evidence introduced before them, and their personal knowledge certainly cannot constitute a part of the evidence. This is so obvious that we deem a further discussion of this subject unnecessary." In *Shahan* v. *American Telephone &c. Co.*, 72 *Ga. App.* 749 (3) (35 S. E. 2d 5), that court held: "A charge from which the jury may have inferred that facts ascertained by them solely from a view of the property had probative value within themselves and without regard to the evidence was improper and incorrect." In 3 Am. & Eng. Ann. Cases 302, it is stated: "It is a well-settled rule that in determining the value of the premises sought to be condemned and in assessing damages in eminent domain proceedings, the jury may not wholly disregard the evidence and depend only upon their own experience and the facts brought to their knowledge by a view of the premises. Detroit v. Detroit, etc., R. Co., 112 Mich. 304; De Gray v. New York, etc., Telephone Co., 68 N. J. L. 454; Washburn v. Milwaukee, etc., R. Co., 59 Wis. 364, 20 Am. & Eng. R. Cas. 225." "A verdict based partly on the jury's view of premises should be set aside by reviewing court, unless the verdict is supported by substantial testimony delivered by sworn witnesses." 3 Am. Jur. 599, § 1046. In eminent domain cases, the jury "may not, however, ignore the evidence and base their verdict upon their view or their knowledge of the value of the land in the case, and it is error so to instruct them." 18 Am. Jur. 1004, § 361. In Peoria Gas Light & Coke Co. v. Peoria Terminal Ry. Co., 146 Ill. 372, 383 (34 N. E. 550, 21 L. R. A. 373), a condemnation proceeding in which the jury was permitted to view the premises, the rule in that State was expressed by the Supreme Court of Illinois as follows: "The verdict must be supported by the evidence,

and can in no case rest solely upon the personal examination of the premises by the jury, however well convinced they may be that their examination furnishes a more reliable basis for an assessment of damages than the testimony of the witnesses." The reason for the rule was well stated in Washburn v. Milwaukee & Lake Winnebago R. Co., 59 Wis. 364 (18 N. W. 328, 20 Am. & Eng. R. Cas. 225), as follows: "To allow jurors to make up their verdict on their individual knowledge of disputed facts material to the case, not testified to by them in court, or upon their private opinions, would be most dangerous and unjust. It would deprive the losing party of the right of cross-examination, and the benefit of all the tests of credibility which the law affords. Besides, the evidence of such knowledge, or of the grounds of such opinions, could not be preserved in a bill of exceptions or questioned on appeal. It would make each juror the absolute judge of the accuracy and value of his own knowledge or opinions, and compel the appellate court to affirm judgments on the facts, when all of the evidence is before it and there is none whatever to support the judgment. The court would be obliged to presume that the jury or some juror had, or at least thought he had, some personal knowledge of facts outside the testimony, or contrary to it, which would sustain the judgment." The Washburn case was a condemnation case involving a view by the jury, and in that case it was stated: "If the testimony of value and damages is conflicting, the jury may resort to their own general knowledge of the elements which affect the assessment, in order to determine the relative weight of conflicting testimony, but their assessment must be supported by the testimony or it cannot stand."

A jury must arrive at their verdict from evidence regularly produced in the course of the trial proceedings, and may properly call to their aid their own knowledge, learning and experience, and any information gained from a view of the premises in weighing the evidence, but their verdict must be supported by evidence and cannot rest solely upon a view of the premises or their knowledge of the value of land, or the value of consequential benefits, as in this case.

Applying the above principles, the Court of Appeals correctly held that, in a condemnation proceeding, where there was no evidence of the amount of consequential benefits introduced before the jury during the regular trial proceedings, and where the jury was permitted to view the premises, it was error for the trial court to instruct the jury that they should assess the consequential benefits to the condemnee's land which was not taken and deduct the amount of such benefits from the consequential damages.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Hawkins, J., who dissent.*

ARGUED SEPTEMBER 11, 1956—DECIDED DECEMBER 5, 1956.

*Harold Sheats, Paul H. Anderson, W. Neal Baird,* for plaintiff in error.

*Wm. G. Grant, Robt. W. Spears,* contra.

710

HAWKINS, Justice, dissenting. I cannot concur in the ruling of the majority on the question of the charge of the court as to consequential benefits, or in the judgment of affirmance. The majority opinion seems to be predicated upon the theory that, in a condemnation proceeding such as this, there must be opinion evidence by some witness as to the value of consequential benefits before the trial judge is authorized to charge with reference thereto. Both this court and the Court of Appeals have repeatedly held that the opinions of witnesses as to value are not binding or conclusive on the jury, but that the jury may fix value from other evidence tending to illustrate that question. *Bonds* v. *Brown*, 133 *Ga.* 451 (66 S. E. 156); *Graham* v. *Graham*, 137 *Ga.* 668 (74 S. E. 426); *Southern Ry. Co.* v. *Lowe*, 139 *Ga.* 362 (77 S. E. 44); *Hammock* v. *Kemp*, 146 *Ga.* 681 (92 S. E. 57); *Bailey* v. *Vitagraph-Lubin-Selig-Essanay, Inc.*, 147 *Ga.* 450 (94 S. E. 554); *Tyler* v. *Kemp*, 147 *Ga.* 502 (94 S. E. 1003); *Johnson* v. *Stevens*, 19 *Ga. App.* 192 (91 S. E. 220); *Georgia Northern Ry. Co.* v. *Battle*, 22 *Ga. App.* 665 (97 S. E. 94); *Birmingham Paper Co.* v. *Holder*, 24 *Ga. App.* 630 (101 S. E. 692); *Hay* v. *Carter*, 91 *Ga. App.* 540 (86 S. E. 2d 532). In this case there was evidence as to the value of the land actually taken for right-of-way purposes, and introduced in evidence and before the jury were plats, maps, photographs, and a miniature replica of the property involved, showing the right-of-way taken and its location and relationship to the remainder of the land which it traversed, and the testimony of one witness to the effect that the value of the remaining land was enhanced by the construction of the highway, without expressing any opinion as to the amount of the enhancement, and the jurors were permitted to view the premises. Thus, there was ample evidence from which the jury could have ascertained and fixed the consequential benefits resulting to the land not taken, and the trial judge did not err in charging the jury with reference thereto.

I am authorized to say that Mr. Chief Justice Duckworth concurs in this dissent.