## 50336. BROOKHAVEN SUPPLY COMPANY v. DEKALB COUNTY.

MARSHALL, Judge.

Prior to this condemnation trial, the condemnor DeKalb County paid $400,000 into the registry of the

court for compensation for condemnee's business property, same having been awarded previously by the assessors. At the conclusion of the condemnation trial, the jury awarded the condemnee $244,750, and the judge ordered the difference repaid to the condemnor. Condemnee moved for a new trial asserting, in addition to the general grounds, 14 special grounds. From an order denying this motion, the condemnee appeals. *Held:*

1. Neither the general grounds nor special grounds 2, 3, 7 and 8 are argued by condemnee in his brief nor otherwise and are deemed abandoned. *Lee v. State,* 226 Ga. 162 (3) (173 SE2d 209); *Underwood v. Ranger Mfg. Co.,* 116 Ga. App. 803 (159 SE2d 144).

2. Special ground number 1 is that the court erred in permitting an expert witness for the condemnor to testify as to the value of the property on a date different from the date of the taking. Condemnee contends that the expert's appraisal of the property omitted from consideration the taking of a driveway to the property which existed at the time of taking. Whether or not this contention is correct, the witness was nevertheless qualified as an expert, and his opinion was admissible. Matters he may have omitted from consideration were appropriate matters for cross examination and rebuttal, which condemnee's counsel artfully executed, and ultimately for the weight to be given the opinion by the jury. Code § 38-1710; *State Hwy. Dept. v. Parker,* 114 Ga. App. 270 (1a) (150 SE2d 875); *Dawn Memorial Park v. DeKalb County,* 111 Ga. App. 429 (142 SE2d 72); *Southern R. Co. v. Richardson,* 48 Ga. App. 25 (10) (172 SE 79).

3. Special ground number 4 contends that it was error to allow another appraiser for the condemnor to state his opinion that the condemnee's business could, "if it otherwise were successful" be "successfully operated" at a new location. While this expert witness was not qualified to answer a question on whether or not a particular business will be successful, the question and his answer both relate to the feasibility of operating the condemnee's business at a nearby location, which, with proper foundation, was an admissible opinion from this witness.

4. Special grounds 5 and 6 are without merit. The

opinion and written estimate given by the manager of a transfer, moving and storage company as to the cost of moving the condemnee's business from one location to another were properly admitted, proper foundation having been laid for this witness' ability to estimate the cost of the move. Code § 38-1708.

5. Special grounds 9, 10 and 11 allege errors in the trial court's refusal to charge on specified items of compensation. Instructions on "loss of use" and "destruction of established business" and "unique value," because of location requested by condemnee, were covered by the charge given. "Failure to charge in the exact language requested, where the charge substantially covers the same principle, is no longer a ground for new trial under Code § 70-207 as re-enacted." *Hardwick v. Price,* 114 Ga. App. 817 (3) (152 SE2d 905).

6. Special ground 12 urges error in the court's failure to charge that the condemnee was entitled to recover for attorney fees as an element of damages in a condemnation case. Such a charge would have been contrary to the law (*Bowers v. Fulton County,* 122 Ga. App. 45 (1) (176 SE2d 219), affirmed in *Bowers v. Fulton County,* 227 Ga. 814 (183 SE2d 347)), and we see no justification for re-examining that rule.

7. Special grounds 13 and 14 are that the court erred in permitting the jury to view the premises being condemned after the close of the evidence over the condemnee's objection in that the premises were not the same as they were on the date of the taking. After the jury view, the court refused to permit condemnee to introduce evidence to explain the change in conditions of the premises. Since a jury view in Georgia is not evidence (*State Hwy. Dept. v. Andrus,* 212 Ga. 737 (95 SE2d 781)), it does not have to be made during the presentation of the evidence by either party. A jury view may be had over objection by a party (*Brown v. Transcontinental Gas Pipeline Corp.,* 210 Ga. 580, 585 (82 SE2d 12); *Moore v. Macon Coca-Cola Bottling Co.,* 180 Ga. 335 (178 SE2d 711)), and "rests in the discretion of the trial judge, and his ruling will seldom be reversed on appeal." 11 EGL 337, Evidence, § 89 (1969). While the trial court need not reopen the trial for the parties to introduce further

evidence to explain the conditions found at the viewing, we see no reason why the parties should not be allowed to explain in their closing arguments any changes in the condition of the premises seen at the view as they relate to the evidence. The parties here were afforded that opportunity and we find no error.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED MARCH 3, 1975 — DECIDED
MAY 23, 1975.

*Peek, Arnold, Whaley & Cate, J. Corbett Peek, Jr.,* for appellant.

*Dillard, Dillard & Shearer, George P. Dillard,* for appellee.