### 37919. McDANIEL et al. v. THE STATE.

MARSHALL, Justice.

Clarence McDaniel and Terry Darnell Sims appeal from their convictions of murder and armed robbery, for which they both received consecutive life sentences. The sufficiency of the evidence to support the verdict is not drawn into issue. We affirm.

1. The first enumeration of error complains of the denial of a motion for mistrial following an alleged statement by the prosecutor in his closing argument, summarized by the appellant's counsel at trial as follows: "[The defendants] had returned to the party from the scene of the crime, and . . . they were sitting there on the floor of Dianne Rice's apartment — attitude had changed and they were thinking about the murder and the robbery that they had just committed." Since the appellants' claim as to what was said gives us no verbatim information as to what was the exact argument of counsel, we have no basis upon which to rule on this enumeration of error.

Moreover, even if we accepted counsel's recollection or summary of the argument in question as accurate, we could not say that such argument was an unreasonable deduction from the evidence. Although, as the appellants argue, there may not have been any direct evidence of the appellants' attitudes at the party following the commission of the crimes of which they were subsequently convicted, it is a reasonable deduction that such a change occurred, based upon eyewitness testimony placing the appellants at the scene of the crimes at the time of their commission, and indicating their culpability.

This enumeration of error is without merit.

2. The appellants enumerate as error the trial judge's compliance with the request of the jury, made after their deliberations had begun, for a viewing of the scene of the crime. It is first contended that this viewing must be considered as evidence because photographs of the scene of the crime were introduced in evidence, and that it was improper because the evidence had already been closed. "A view of the scene is not 'evidence' in the case. *Shahan v. American Tel. Co.,* 72 Ga. App. 749, 754 (35 SE2d 5) (1945); see also *State Hwy. Dept. v. Andrus,* 212 Ga. 737, 739 (95 SE2d 781) (1956); *Brookhaven Supply Co. v. DeKalb County,* 134 Ga. App. 878, 880

(216 SE2d 694) (1975)." *Jordon v. State,* 247 Ga. 328, 345 (9) (276 SE2d 224) (1981). We pointed out in *Jordan,* supra, p. 345, that "[t]here appear to be at least two types of jury view. One, an 'evidentiary view,' is to permit the jury to view evidence introduced in the case which evidence is so large or affixed that it cannot be brought into the courtroom . . . Another, 'the scene view,' is to permit the jury to view the premises relevant to the case to enable the jury to better understand the testimony and other evidence introduced in court (e.g., a jury view of the scene of the alleged crime)." Here, the photographs were evidence, whereas the "scene view" was merely "to enable the jury to better understand the testimony and other evidence introduced in court," including the photographs. Assuming, arguendo, that the "scene view" is evidence, the trial judge had discretion to admit it in evidence after the jury's deliberations have begun. *State v. Roberts,* 247 Ga. 456 (277 SE2d 644) (1981).

Furthermore, the appellants themselves had made a motion for such a scene view the day before, during the trial, which the trial judge, in the exercise of his discretion, had denied. See *Sutton v. State,* 237 Ga. 418 (3) (228 SE2d 815) (1976). " 'One cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing.' [Cits.]" *Dodd v. Dodd,* 224 Ga. 746 (164 SE2d 726) (1968). The appellants argue that they were precluded from objecting in the presence of the jury, which might conclude that they had something to hide. However, if such an objection had been desired to be made, counsel could have requested that the jury first be removed.

This enumeration of error is without merit.

3. Appellant Sims contends that his character was placed in evidence, contrary to law, in the course of the following cross-examination: "Q. . . . . So you found out that the police were looking for you on Saturday, but you did not know what for? A. That's right. Q. Then they came — did your mother tell them that you did not really live there but lived at the grandmother's house? A. I don't know what she told them. I was not there. Q. You don't know how they got your grandmother's address? A. *I have been arrested before for a minor charge,* and I gave that address. Q. So the police might have a record of you? A. They could have. Q. Okay. What kind of minor charge have you been arrested — A. Criminal trespass. Q. Nothing more serious than that? A. Some more serious, but I've never been convicted of that." (Emphasis supplied.) The appellants' counsel objected to the last question, the prosecutor stated, "He said he had never been convicted of it," and counsel made no further objection.

The appellants rely on *McGuire v. State,* 238 Ga. 247, 249 (232 SE2d 243) (1977), which held that the defendant's testimony that he

had no prior *convictions,* did not open the door for cross-examination about any prior *arrests.* Here, however, the defendant volunteered the information that he had been "arrested before for a minor charge," thereby opening the door for cross-examination for the purpose of impeachment. Code §§ 38-1802, 38-1803; *Brown v. State,* 242 Ga. 602 (3) (250 SE2d 491) (1978); *Hughes v. State,* 141 Ga. App. 506 (1, 2) (233 SE2d 872) (1977) and cits. While it is true that the information was given in response to a question by the prosecution, the defendant, on advice of counsel, could have invoked the Fifth Amendment and refused to answer on the ground that it might incriminate him.

Furthermore, counsel waived this objection by not moving for a mistrial or requesting corrective measures, such as those which were held to have cured the error in *McGuire v. State,* supra.

This enumeration of error is without merit.

4. The trial court did not err in refusing to give the requested charge on good character, as the transcript fails to disclose that the appellants relied upon their good character as a defense. See *Edwards v. State,* 235 Ga. 603 (4) (221 SE2d 28) (1975) and cits. The testimony given on cross-examination, discussed in Division 3, supra, did not constitute such a reliance as would authorize this charge.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents from Division 2 and the judgment.*

DECIDED NOVEMBER 4, 1981 — REHEARING DENIED NOVEMBER 18, 1981.

*Ray C. Norvell,* for appellants.

*Robert E. Wilson, District Attorney, Thomas Clegg, Susan Brooks, Assistant District Attorneys, Michael J. Bowers, Attorney General, Russell N. Sewell, Jr., Assistant Attorney General,* for appellee.